**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**(Panama City Division)**

Talentscale, Inc.,
Plaintiff,

v. Case No.: 5:25-mc-00001-TKW

Aery Aviation, LLC,
Defendant,

and

The Cleveland Clinic Foundation,
Garnishee.
_________________________________/

**COGENT BANK'S MOTION TO DISSOLVE WRIT OF GARNISHMENT**
**ISSUED TO THE CLEVELAND CLINIC FOUNDATION**

Non-party, Cogent Bank ("Cogent"), by and though its undersigned counsel and pursuant to § 77.16, Florida Statutes, hereby files its Motion to Dissolve the Writ of Garnishment issued to the Cleveland Clinic Foundation (the "Cleveland Clinic") on March 28, 2025 (D.E. 46) (the "Cleveland Clinic Writ"). In support hereof, Cogent states as follows:

## INTRODUCTION AND FACTUAL BACKGROUND

This motion involves competing claims over funds owed by the Cleveland Clinic to Aery Aviation, LLC ("Aery"), a judgment debtor of Plaintiff, Talentscale, Inc. ("Talentscale"). While Talentscale seeks to garnish these funds to satisfy its

$1,142,467.20 judgment, the funds—defined below as the Cleveland Clinic Receivables—are subject to a first-priority, perfected security interest held by Cogent pursuant to lending agreements between Cogent and Aery. Cogent's security interest was perfected in 2021, well before the issuance of the Cleveland Clinic Writ in March 2025. As detailed herein, Florida law recognizes the superiority of Cogent's preexisting lien, rendering the Cleveland Clinic Receivables unavailable for garnishment by Talentscale. The Cleveland Clinic Writ should therefore be dissolved.

## I. The Cleveland Clinic Writ of Garnishment.

On October 19, 2024, Talentscale was awarded a judgment in the amount of $1,142,467.20 in the United States District Court for the Eastern District of Virginia against Aery. In an effort to collect this judgment, beginning in January 2025, Talentscale served numerous Writs of Garnishment in this Court.

On March 27, 2025, Talentscale filed its Judgment Creditor's Motion for Writ of Garnishment to Cleveland Clinic (D.E. 44), and the Cleveland Clinic Writ was issued on March 28, 2025. On April 24, 2025, Cleveland Clinic filed its Answer to Writ of Garnishment (D.E. 59) ("Answer"). The Answer stated that Cleveland Clinic was indebted to Aery in the amount of $126,434.97 for invoice numbers 4721, 4724-4728, 4730, 4731, and 4734-4735 (the "Cleveland Clinic Receivables").

## II. Cogent's Lending Relationship With Aery.

As set forth in the Affidavit of Cogent Bank ("Affidavit"), filed pursuant to Fla. Stat. § 77.16 and attached hereto as Exhibit "A", Aery maintains a lending relationship with Cogent. Specifically, on June 23, 2021, Cogent and Aery entered into (a) a Business Loan Agreement, (b) a Revolving Line of Credit Promissory Note, (c) a Security Agreement, and (d) a Blocked Account Agreement. These loan documents have been amended by, among other things: (a) a Second Amendment to Loan Agreement, (b) an Amended and Restated Revolving Line of Credit Promissory Note (the "Revolving Line of Credit"), and (c) an Amended and Restated Security Agreement each dated as of September 24, 2021.[1]

Under the Loan Documents, Cogent agreed to loan Aery up to $15 million under the Revolving Line of Credit, and, in exchange, Aery pledged to Cogent as security for the loan, a first priority security interest in, among other things, all of

[1] The Business Loan Agreement, the Revolving Line of Credit Promissory Note, the Security Agreement, the Blocked Account Agreement, the Second Amendment to Loan Agreement, the Amended and Restated Revolving Line of Credit Promissory Note, and the Amended and Restated Security Agreement are attached to the Affidavit as Exhibits "1", "2", "3", "4", "5", "6", and "7", respectively. All of these documents, together with the UCC-1 defined below, are hereinafter referred to collectively as the "Loan Documents."

Aery's accounts receivables. Section 1 of the Amended and Restated Security Agreement provides as follows:

> …Grantor hereby pledges, hypothecates, and grants to [Cogent] a continuing and first priority security interest in all of the following, whether now owned or hereinafter acquired: (i) all tangible and intangible property;…Accounts (including without limitation, all accounts receivable);…Chattel Paper…; General Intangibles…; Documents; Instruments; Deposit Accounts, money, cash or cash equivalents;…Contract Rights;…(ii) together with all additions, replacements, substitutions, accessions and improvements, and all supporting obligations, profits, products and proceeds…and all interest, dividends, profits, and distributions…; and (iii) all proceeds and products of any of the foregoing…. (collectively, the "Collateral").

Cogent perfected its security interest in the Collateral, including the Cleveland Clinic Receivables, by filing a UCC Financing Statement ("UCC-1") on June 24, 2021 with the Virginia State Corporation Commission, a copy of which is attached to the Affidavit as Exhibit "8".[2] The UCC-1 similarly describes the Collateral in which Cogent maintains a security interest.

As set forth in the Affidavit, Aery has maxed out the Revolving Line of Credit, and the outstanding balance of the credit line is $15 million, exclusive of interest and fees that accrue thereunder.

---

[2] The UCC-1 was filed in Virginia because Aery is a Virginia limited liability company and maintains its principal place of business in Virginia.

## III. The Cleveland Clinic Receivables.

The Cleveland Clinic—as set forth in the Affidavit—is a medical center providing clinical and hospital care for its patients, and it is one of Aery's customers who has contracted with Aery to fly organ transplants across the United States for the Clinic. As reflected in the invoices attached to the Affidavit as Composite Exhibit "9", the Cleveland Clinic Receivables are amounts that the Cleveland Clinic owes Aery for Aery's transportation of organs on behalf of the Clinic for its patients in need of transplants.

The Cleveland Clinic Receivables constitute Aery's "accounts receivable" under the Loan Documents, and are encumbered by Cogent's first priority security interest. Indeed, the Cleveland Clinic Receivables are required to be deposited into a "Blocked Account" at Cogent—which is titled in Cogent's name—and thereafter applied to pay down the Revolving Line of Credit in accordance with the Blocked Account Agreement. *See* Blocked Account Agreement at §§ 2, 3, 4; *see also id.* § 9 ("[O]n each business day (and without requiring [Aery's] further consent) [Cogent] shall deposit on a daily basis all forms of payment…made payable to [Aery] into the Blocked Account, and [Cogent] shall transfer to the Revolving Line of Credit…all funds and amounts on deposit in the Blocked Account…").[3]

---

[3] As set forth in Section 2 of the Blocked Account Agreement, the Blocked Account was created solely for the purpose of receiving deposits from Aery's account debtors, third-party payors and other obligors.

The Cleveland Clinic Receivables thus constitute Cogent's "Collateral" in which Cogent holds a duly perfected first priority security interest under the Loan Documents. Because Cogent has a superior interest in the Cleveland Clinic Receivables, they may not be garnished by Talentscale. Rather, they should be made available for deposit in the Blocked Account pursuant to the Loan Documents, and particularly the Blocked Account Agreement.

## ARGUMENT AND MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 69, the procedure in connection with the execution of a judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Thus, Chapter 77 of the Florida Statutes, applies to these garnishment proceedings. *See* Fla. Stat. § 77.01 *et seq.*

Under Florida law, a "request to dissolve [a writ] may be made in either of two ways: (1) on motion of the debtor challenging the truth of the allegations in the creditor's petition for the writ [under § 77.07, Fla. Stat.]"; or "(2) on an affidavit of a third party claiming the garnished property belongs to the third party and not the debtor [under § 77.16, Fla. Stat.]." *State Farm Mut. Auto. Ins. Co. v. Gomez*, No. 22-MC-81945-AMC, 2024 U.S. Dist. LEXIS 230, at *4-5 (S.D. Fla. Jan. 2, 2024); *Cole v. Am. Cap. Partners Ltd.*, No. 06-80525-Civ-Hurley, 2009 U.S. Dist. LEXIS 122839, at *10 (S.D. Fla. Dec. 14, 2009) (the defendant "or 'any other person having an ownership interest in the property' may move to dissolve a writ of garnishment.")

(quoting *Rudd v. First Union Nat'l Bank of Florida*, 761 So. 2d 1189, 1191 (Fla. 4th DCA 2000)); *Zuckerman v. Alex Hofrichter, P.A.*, 630 So. 2d 210, 211 (Fla. 3d DCA 1993) (noting that Chapter 77, Florida Statutes provides that a third-party claiming an interest in property subject to a writ of garnishment may move to dissolve the garnishment.).

If a person other than the garnishee claims an interest in the funds, "such person is required to submit an affidavit to that effect." *Cole*, 2009 U.S. Dist. LEXIS 122839, at *10 (citing Fla. Stat. § 77.16(1)); *see also Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Fla., Inc.*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001) (Fla. Stat. § 77.16 "provides that a claimant to funds that may be garnisheed, . . . is required to file an affidavit asserting that a certain amount of the funds in the hands of the garnishee belongs to it. If the parties cannot resolve competing claims to the same funds, a jury must be impaneled to determine those competing rights."). Pursuant to Fla. Stat. § 77.16, attached hereto as Exhibit "A" is the Affidavit of Cogent Bank, which further sets forth Cogent's superior interest in the Cleveland Clinic Receivables.

## I. Cogent's Security Interest in the Cleveland Clinic Receivables Has Priority Over the Lien Established by the Cleveland Clinic Writ.

"It is a basic principle of garnishment law that property which is not actually and in 'good conscience' owned by the debtor may not be secured by a judgment creditor. *Green v. Dep't of Rev. ex rel. Williams*, 78 So. 3d 555, 557 (Fla. 5th DCA

2011) (quoting *Ginsberg v. Goldstein*, 404 So. 2d 1098, 1099 (Fla. 3d DCA 1981)). The "determinative issue" as to ownership of funds is where the "equitable, as opposed to the bare legal, title to the funds resides." *Green v. Dep't of Rev. ex rel. Williams*, 78 So. 3d 555, 557 (Fla. 5th DCA 2011). Indeed, a "creditor can obtain no better right" against a garnishee than the principal debtor had at the time of the garnishment. *Physicians Care Ctrs. of Fla., LLC v. PNC Bank, Nat'l Ass'n*, 345 So. 3d 907, 911-12 (Fla. 4th DCA 2022). In other words, a garnishment lien is subject to the encumbrances that the debtor has agreed to.

And "[t]he basic principle of law with respect to lien priority is first in time, first is right." *Fla. Land Title Co. v. Martinez*, No. 93-1779-CIV-T-17C, 1995 U.S. Dist. LEXIS 12840, at *11, 76 A.F.T.R.2d (RIA) 1995-6462 (M.D. Fla. Aug. 25, 1995). This well-settled law also applies to judgment liens resulting from garnishment actions. *See Miles v. Katz*, 405 So. 2d 750, 751 (Fla. 4th DCA 1981) (holding that a charging lien is superior to a judgment lien obtained after commencement of an attorney's services); *H.B. London & Co. v. Wiles*, 695 So. 2d 876, 879 (Fla. 2d DCA 1997) (finding that a third party may have a priority interest in money in a garnished account and that the third party should be given an opportunity to present its claim); *see also Sun Bank, N.A. v. Parkland Design & Dev. Corp.*, 466 So. 2d 1089, 1093 (Fla. 5th DCA 1985) (applying UCC Article 9 priority rules and finding that an *unperfected* assignee of an account is subordinate to a lien

creditor and therefore finding that the garnishing judgment creditor had a superior right to the account and that it should have prevailed over an *unperfected* assignment); *see also Stanbro v. McCormick 105, LLC*, 213 So. 3d 925, 927 (Fla. 4th DCA 2017) ("Before a final judgment in garnishment is entered, the trial court should conclusively determine the interests in the funds and the applicable law thereto.").

Here, Cogent perfected its security interest in the Cleveland Clinic Receivables on June 24, 2021 by filing the UCC-1. *See In re: LDB Media, LLC*, 497 B.R. 332, 335 (Bankr. M.D. Fla. 2013) ("Ordinarily, a security interest is perfected by filing a financing statement."); *In re Richert*, 632 B.R. 877, 887 (Bankr. M.D. Fla. 2021) (noting that a bank perfected its security interest in assets, including all accounts receivable, by recording a UCC financing statement); *Aeronautics & Astronautics Serv. V. First Palm Beach Intern. Bank*, 471 So. 2d 188, 189 (Fla. 3d DCA 1985) (bank perfected security interest in accounts receivable that served as collateral for line of credit by virtue of filing a financing statement with the Secretary

of State).[4] And the priority of a financing statement is determined by the date it is filed and perfected. *Chase Bank of Florida, N.A. v. Muscarella*, 582 So. 2d 1196, 1197-98 (Fla. 2d DCA 1991); *Suburbia Fed. Savings & Loan Assoc. v. Bel-Air Conditioning Co., Inc.*, 385 So. 2d 1151 (Fla. 4th DCA 1980).

Conversely, service of a writ of garnishment does not create a lien on property garnished until "the time of service [of the writ of garnishment] or at the time such debts or property come into the garnishee's possession or control." Fla. Stat. § 77.06(1); *see also Tempur-Pedic N. Am. v. Sos Furniture Co.*, No. 20-MC-22441-KMM/LOUIS, 2021 U.S. Dist. LEXIS 44422, at *9 (S.D. Fla. Mar. 8, 2021). Here, there is no indication in the record when the Cleveland Clinic Writ was served on the Cleveland Clinic, but it must have been sometime after it was issued on March 28, 2025. Accordingly, Talentscale's lien on the Cleveland Clinic Receivables did

[4] Virginia law (the place where the UCC-1 was filed) accords with Florida law on the perfection of a security interest in accounts receivable. *See Whitmore & Arnold, Inc. v. Lucquet*, 233 Va. 106, 109, (1987) (generally two documents are required to create a perfected security interest in a debtor's collateral, a security agreement and a financing statement); *Oginz v. Craftsman Elec. Mfg.*, 44 Va. Cir. 290, 296 (Cir. Ct. 1998) (finding that a security interest in assets including accounts receivable that was subject to a security agreement and financing statement had priority over a security interest that had a financing statement but no security agreement); *Nat'l Acceptance Co. v. Va. Cap. Bank*, 498 F. Supp. 1078, 1080 (E.D. Va. 1980) (noting that a security agreement relating to, *inter alia*, the debtor's accounts receivable and notes receivable was duly perfected by recording a financing statement); *C. W. Jackson Hauling, Inc. v. S. Eagle*, 12 Va. Cir. 401, 401-03 (Cir. Ct. 1988).

not attach until the earliest of March 28, 2025—nearly four years after Cogent's lien was perfected.

Accordingly, Cogent has a valid first priority lien on the Cleveland Clinic Receivables which lien was perfected before service of the Cleveland Clinic Writ. *See United States v. Gammage*, 598 F. App'x 896, 897 (11th Cir. 2015) (noting that a judgment obtained in a third party's favor, a prior recorded security interest, or a prior garnishment would establish grounds for exempting garnished funds); *Wiles*, 695 So. 2d at 879 (due process was violated where a party was not permitted to present evidence of its interest in garnished funds when the party had asserted a sufficient interest in the funds and the party may have proved a priority security interest); *Sun Bank, N.A. v. Acme Pumps & Wellpoints, Inc.*, No. 90-0184-CIV-ORL-18, 1991 WL 182177, at *2-*4 (M.D. Fla. Aug. 13, 1991) (finding that a federal tax lien takes priority over all judgment liens that were perfected after the date of perfecting the tax lien, thus the federal tax lien took priority over the writs of garnishment and the United States was entitled to the funds seeking to be garnished); *In re Monroe Cnty. Hous. Corp., Inc.*, 29 B.R. 686, 688 (Bankr. S.D. Fla. 1983) (third party claimed that its interest in the funds was superior to any lien arising from the writs of garnishment, but the financing statement was filed one day after the writs were served so the third party's claim was thus subordinate). As such, the Cleveland Clinic Receivables may not be garnished until the balance owed to Cogent under the

Loan Documents is paid in full and Cogent's security interest extinguished.

## CONCLUSION

For the foregoing reasons, Cogent respectfully requests the Court enter an Order recognizing Cogent's superior interest in the Cleveland Clinic Receivables, dissolving the Cleveland Clinic Writ, and granting any other or additional relief that the Court deems just and proper.

## Local Rule 7.1(B) Conference

I hereby certify that on May 14, 2025 undersigned counsel conferred with counsel for Talentscale, and counsel for Talentscale opposes the relief sought herein.

## Local Rule 7.1(F) Certification

I hereby certify that the foregoing **Cogent Bank's Motion to Dissolve Writ of Garnishment Issued to the Cleveland Clinic Foundation** contains 2650 words exclusive of the case style, signature block, and certificate of service.

DATED this 14th day of May, 2025.

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile:(407) 420-5909

By: */s/ Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com

*Counsel for Cogent Bank*

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this 14th day of May, 2025, a true and correct copy of the foregoing **Cogent Bank's Motion to Dissolve Writ of Garnishment Issued to the Cleveland Clinic Foundation** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile:(407) 420-5909

By: */s/ Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com
*Counsel for Cogent Bank*