**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**(Panama City Division)**

Talentscale, Inc.,
Plaintiff,

v. Case No.: 5:24-mc-00001-TKW

Aery Aviation, LLC,
Defendant,

and

The Cleveland Clinic Foundation,
Garnishee.
_________________________________/

**RESPONSE IN OPPOSITION TO JUDGMENT CREDITOR'S MOTION FOR EXTENSION OF TIME TO RESPOND TO COGENT BANK'S MOTION TO DISSOLVE THE WRIT OF GARNISHMENT**

Non-party, Cogent Bank ("Cogent"), by and though its undersigned counsel and pursuant to § 77.16, Florida Statutes, hereby responds in opposition to the Motion for Extension of Time to Respond to Cogent Bank's and Aery Aviation, LLC's Motions to Dissolve the Writ of Garnishment (DE 78) filed by Talentscale, Inc. ("Talentscale"), and states as follows:

**Introduction and Background**

1. The Motion for Extension is plagued with concerning everything from Cogent's document production to Cogent's representations in its answers to two different writs of garnishment, and all the way down to the Motion's Certificate of

Conferral. As set forth below, Cogent has fully complied with its discovery obligations and its obligations in responding to the Writ, and the inaccurate representations made in the Motion for Extension should not serve to delay the Court's consideration of Cogent's Motion to Dissolve Writ of Garnishment Issued to Cleveland Clinic Foundation (DE 65) ("Motion to Dissolve"). Moreover, Talentscale has not shown—because it cannot show—that the documents it seeks are necessary to respond to the Motion to Dissolve.

**The Cogent Accounts at Issue**

2. According to the Motion for Extension, there are four Cogent accounts at issue:

a. Acct. 0213, which is held in Aery's name and functions as Aery's operating account;

b. Acct. 0296, which is also held in Aery's name and functions as Aery's payroll account;

c. Acct. 6824, which was held in the name of Aery and Air Medical, but which was closed on December 5, 2024; and

d. Acct. 0189, which is held in Cogent's name and is the "Blocked Account" identified in Cogent's Motion to Dissolve.[1]

**The Writs of Garnishment to Cogent**

3. On December 11, 2024, Talentscale served Cogent with a Writ of Garnishment (the "E.D. Va. Writ") in the matter styled *Talentscale, Inc. v. Aery Aviation, LLC*, No. 4:24-cv-00033-JKW-DEM, in the Eastern District of Virginia (the "E.D. Va. Action").

4. Cogent responded to the E.D. Va. Writ on January 9, 2025, and indicated it was indebted to Aery Aviation, LLC ("Aery") in the amount of $945.22 by virtue of funds held in Acct. 0213.

5. For sake of clarity, Acct. 0296 had a $0 balance on December 11, 2024 when Cogent was served with the E.D. Va. Writ, and it did not otherwise have any positive balance prior to Cogent answering E.D. Va. Writ on January 9, 2025. Moreover, Acct. 6824 had been closed and Acct. 0189 is not Aery's account.

6. The E.D. Va. Action was procedurally flawed, and Talentscale ultimately dismissed the action, and concomitantly the E.D. Va. Writ had been

[1] For the reasons set forth in the Motion to Dissolve, the Blocked Account is exempt from garnishment because, among other things: (1) it is titled in Cogent's name (not Aery's); and (2) all of the receivables deposited into the Blocked Account are subject to Cogent's first priority security interest. Cogent will be glad to more thoroughly brief this issue when/if it becomes necessary.

discharged. A copy of the Order dismissing the E.D. Va. Action is attached hereto as Exhibit "A".

7. Talentscale thereafter domesticated its judgment in Florida, and served Cogent with a Writ of Garnishment (DE 12) (the "N.D. Fla. Writ") in this action on January 30, 2025.

8. Cogent filed its Answer to the N.D. Fla. Writ (DE 22) on February 14, 2025, and disclosed it was indebted to Aery in the amount of $19.41. While not specified in Cogent's Answer to the N.D. Fla. Writ—because such specification is not required—these funds were held in Acct. 0296. In fact, at the time Cogent was served with the N.D. Fla. Writ, Acct. 0296 actually had a ***negative balance of (-$2,928.28).*** After certain deposits, that balance increased to $19.41, where it remained until Cogent filed its Answer to the N.D. Fla. Writ on February 14, 2025.

9. For the sake of clarity, Acct. 0213 had ***a negative balance of (-$292,073.77)*** on January 30, 2025 when Cogent was served with the N.D. Fla. Writ, and it did not otherwise have any positive balance prior to Cogent answering N.D. Fla. Writ on February 14, 2025.

## The Subpoena to Cogent

10. Talentscale served Cogent with a Subpoena in this action on February 4, 2025, seeking production of documents "via email" to Talentscale's counsel.

11. Cogent served its Responses and Objections to the Subpoena just two weeks later on February 18, 2025. A copy of Cogent's Responses and Objections are attached hereto as Exhibit "B".[2]

12. From March 27, 2025 through May 6, 2025, Cogent produced 1,455 pages of documents responsive to the Subpoena (and the M.D. Fla. Subpoena). Copies of the cover letters accompanying such productions are attached hereto as Composite Exhibit "C".

**Misleading Statements and Blatant Misrepresentations**

13. Throughout the Motion for Extension, Talentscale makes several misleading statements (and some blatant misrepresentations) in an effort to pin some unfounded blame on Cogent and delay the resolution of Cogent's Motion to Dissolve. Cogent is compelled to address these misrepresentations here:

> *a. Talentscale first contends that Cogent did not disclose the existence of any other accounts held by or for the benefit of Aery in its answer to the E.D. Va. Writ, but rather disclosed only Acct. 0213 and its balance of $945.22, insinuating that Cogent should have disclosed the other accounts. Motion for Extension at p. 2.*

First, the E.D. Va. Action was dismissed and that writ of garnishment was concomitantly discharged. To the extent Talentscale has some speculative concern

[2] Subsequently, on March 21, 2025, Talentscale served another identical Subpoena (the "M.D. Fla. Subpoena") on Cogent in the case styled *Talentscale, Inc. v. Aery Aviation, LLC*, No. 6:25-mc-00003-CEM-RMN. Cogent served virtually identical Responses and Objections to the M.D. Fla. Subpoena on April 2, 2025.

over Cogent's actions in the E.D. Va. Action, the only appropriate court to address the issues is the Eastern District of Virginia. Nevertheless, there was no reason for Cogent to disclose the other accounts at the time the Eastern District of Virginia writ was served because: (1) Acct. 6824 was closed on December 5, 2024 (prior to the time the E.D. Va. Writ was served); and (2) Acct. 0296 had a $0 balance at the time the writ was served (and subsequently had negative balances approaching *-$475,000* prior to Cogent's answer to the E.D. Va. Writ). Cogent did not disclose the Blocked Account balance because that account—as thoroughly discussed in Cogent's Motion to Dissolve—is owned by Cogent and is otherwise exempt from garnishment. Cogent produced the account statements for Acct. 6824 and 0296 reflecting these balances so the insinuation by Talentscale that the accounts should have been disclosed is disingenuous as Talentscale had documents showing the respective balances of the accounts well in advance of its filing of the Motion for Extension.

> *b. Talentscale next contends that in Cogent's Response to the Subpoena, Cogent did not disclose the existence of accounts held for the benefit of Aery, and that the Blocked Account was disclosed for the first time in a conferral email with Talentscale's counsel on March 26, 2025. Motion for Extension at p. 3.*

Cogent's February 18, 2025 Response to the Subpoena—which Talentscale conveniently neglects to attach to its Motion for Extension—clearly acknowledges throughout the Response: (1) that there is an account at Cogent that is "for the benefit of Aery" that is not titled in Aery's name; (2) that Cogent was not going to produce

the account statements or transaction records relating to the "for the benefit of" account because they were not relevant as the funds in that account are exempt from garnishment; but (3) that Cogent would produce the pertinent account agreements and account opening documents relating to that account so that Talentscale could appropriately evaluate the claimed exemption. *See* Response at ¶s 1, 2, 4, 6. And on March 27, 2025, after completing its review and redactions of the discovery, Cogent, indeed, produced the Blocked Account Agreement and account opening documents relating to the Blocked Account (i.e., the account that was titled in Cogent's name but held "for the benefit of Aery [and others]").

c. *Talentscale states on March 27, 2025, Cogent produced documents disclosing, for the first time, two additional accounts held by Aery, insinuating that Cogent should have produced such documents sooner. Motion for Extension at p. 3.*

In fact, there was no mechanism (or need) to disclose any of the accounts previously. The March 27, 2025 production was Cogent's first production in response to the Subpoena. Nor was Cogent required to disclose anything other than the $19.41 balance in Acct. 0296. As set forth above, Acct. 6824 was closed on December 5, 2024 before the N.D. Fla. Writ was served on Cogent. And Acct. 0213 had ***a negative balance of (-292,073.77)*** on January 30, 2025, the date Cogent was served with the N.D. Fla. Writ. Acct. 0213 continued to maintain a negative balance

through the date Cogent filed its Answer to the Writ of Garnishment.[3] Accordingly, with respect to Accounts 6824 and 0213, Cogent was not indebted to Aery during the relevant time period, and, as such, there was nothing for Cogent to disclose in its Answer to the N.D. Fla. Writ with respect to such accounts. And again, Cogent did not have to disclose the Blocked Account because it is held in Cogent's name and is otherwise exempt from garnishment for the reasons set forth in Cogent's Motion to Dissolve.

> d. *Talentscale next contends that on May 14, 2025, in connection with its Motion to Dissolve the Cleveland Clinic Writ, Cogent produced the Business Loan Agreement, Blocked Account Agreement, Security Agreement, and related promissory notes, amendments and other loan documents pertaining to Cogent's senior lien, "none of which had been previously produced." Motion for Extension at pp. 3-4. "Cogent Bank relies on these documents to support its claimed lien, but has not produced any of the underlying Sub-Notes, amortization schedules, loan servicing records, or 'Blocked Account' statements." Id.* at p. 4.

This is a blatant misrepresentation to this Court. On March 27, 2025—in connection with its very first production in this case *and nearly two months before filing the Motion to Dissolve the Cleveland Clinic Writ*—Cogent produced the following loan agreements and other documents relating to its senior interest:

- Blocked Account Agreement (Bates Number CB000316-323)
- Blocked Account Signature Card (Bates Number CB000324-325)

---

[3] Again, Cogent produced the account statements reflecting these balances so any insinuation by Talentscale that the accounts should have been disclosed in Cogent's Answer to the N.D. Fla. Writ is disingenuous as Talentscale had documents showing the respective balances of the accounts well in advance of its filing of the Motion for Extension.

- Daily Sweep and Zero Balance Product Schedule (Bates Number CB000326-27)
- Automatic Transfer Notices for Blocked Account (Bates Number CB000330)
- Flowchart of all the accounts (Bates Number CB000334)
- Guaranty (Bates Number CB000339-344)
- Business Loan Agreement (Bates Number CB000345-383)
- Promissory Note (Bates Number CB000384-390)
- Guaranty (Bates Number CB 000391-398)
- Subnote (Bates Number CB000399-409)
- Global Amendment to Loan Documents (Bates Number CB000410-413)
- Amended and Restated Promissory note (Bates Number CB000414-420)
- Guaranty (Bates Number CB000421-426)
- Second Amendment to loan Agreement (Bates Number CB000427-432)
- Sub Note B (Bates Number CB000433-0441)
- Financing Statements (Bates Number CB 000442-445)

The only thing that has been requested that Cogent's counsel is aware of that it has not yet produced because it has objected to the relevance of the request is the account statements and records relating to transactions within the Blocked Account.

e. *Talentscale's counsel certifies in its Certificate of Conferral that he "conferred with counsel for…Cogent Bank, who did not consent or object to the requested relief…"*

In fact, Talentscale's counsel sent undersigned counsel an email at 2:00 p.m. on May 21, 2025—while undersigned counsel was attending an in-person Status Conference before Magistrate Judge Ellen D'Angelo in the Southern District of Florida—saying they would "like to confer" on the Motion for Extension and a proposed Motion to Compel. Undersigned counsel responded when she got out of

court at 4:34 p.m. and indicated her availability for a call on May 22, 2025 at 11:00 a.m. Without any further discussion, Talentscale's counsel filed the Motion for Extension and indicated the parties "conferred," which never happened.

**The Motion for Extension**

14. In reliance on these misleading statements and flat misrepresentations, Talentscale attempts to convince the Court that an extension of time for it to respond to Cogent's Motion to Dissolve is necessary.

15. Talentscale's argument is premised on its argument that when Cogent initially answered the E.D. Va. Writ—which is not the Writ at issue in this action—Cogent claimed that only $945.22 was held in a single account ending in 0213 but documents recently produced in response to the Subpoena reveal three additional accounts relevant to this garnishment proceeding: accounts ending in 6824, 0296, and the Blocked Account ending in 0189. And none of these were mentioned in Cogent's answer to the E.D. Va. Writ. Motion for Extension at p. 6.

16. As set forth above, there was zero need for Cogent to mention these accounts in its E.D. Va. Writ because they either (1) were closed, (2) had a zero balance, or (3) were not owned by Aery. Nevertheless, Cogent provided all of the statements for each of the relevant accounts except the Blocked Account. With respect to the Blocked Account, Cogent objected to providing such statements in the Response to the Subpoena as they are irrelevant to the issues before the Court

because—based upon the clear and unequivocal language of the Security Agreement and the Blocked Account Agreement attached to the Motion to Dissolve—such funds are not owned by Aery and are not otherwise subject to garnishment. Cogent has addressed this account in its Motion to Dissolve and is not going to repeat those arguments here in the interest of time and efficiency.

17. Finally, Talentscale makes much ado about how other entities may be jointly liable for the $15 million revolving line. Even assuming that is true, it has no relevance to Cogent's claimed first priority security interest in the Cleveland Clinic Receivables. All of the borrowers are jointly and severally liable (DE 65-1 at pp. 36, 64, 100). And the joint and several liability in no way diminishes Cogent's security interest in the Cleveland Clinic Receivables. If anything, it provides yet another basis for the Court to dissolve the Cleveland Clinic Writ as there are other entities besides Aery who maintain an interest in those receivables.

18. In any event, Talentscale has not specified what documents it supposedly needs—and why it needs them—to respond to the Motion to Dissolve.

WHEREFORE, for the reasons set forth herein, Cogent requests the Court deny the Motion for Extension and enter such other relief as may be just and necessary under the circumstances.

DATED this 22nd day of May, 2025.

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile:(407) 420-5909

By: *<u>/s/ Courtney M. Keller</u>*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com

*Counsel for Cogent Bank*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 22nd day of May, 2025, a true and correct copy of the foregoing **Cogent Bank's Response in Opposition to Judgment Creditor's Motion for Extension of Time to Respond to Cogent Bank's Motion to Dissolve Writ of Garnishment** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile:(407) 420-5909

By: *<u>/s/ Courtney M. Keller</u>*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com
*Counsel for Cogent Bank*