**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

Case No. 5:25-mc-00001-TKW

TALENTSCALE, INC.
1350 E. Flamingo Road, Suite 734
Las Vegas, NV 89119

Judgment Creditor,

v.

AERY AVIATION, LLC
1009 Providence Boulevard
Newport News, VA 23602

Judgment Debtor.
_____________________________________________/

**TALENTSCALE, INC.'S MOTION**
**TO COMPEL DISCOVERY FROM COGENT BANK**

Judgment Creditor Talentscale, Inc. respectfully files this Motion to Compel Discovery from Garnishee Cogent Bank.

## INTRODUCTION

Talentscale, Inc. holds a $1,142,467.20 federal judgment against Aery Aviation, LLC for unpaid staffing services. Aery obtained $15,000,000 in working capital from its lender, Cogent Bank, yet never paid Talentscale's outstanding invoices totaling $1,118,545.62. Aery has made no effort to satisfy the judgment, and both Aery and Cogent have refused to provide meaningful discovery, forcing

Talentscale to rely almost entirely on third-party subpoenas to identify assets that may be executed upon.

Despite its refusal to pay, Aery continues to operate a nationwide aviation business with a reported monthly payroll exceeding $680,000 and publicly claims to have secured federal contracts worth over $360 million. Yet, in January 2025, Cogent Bank filed a garnishment answer stating that Aery held only $945.22 in a single disclosed account. Only after Talentscale subpoenaed Cogent and conferred with counsel did Cogent reveal—for the first time—the existence of a separate "Blocked Account" ending in 0189, which it now asserts is the exclusive destination for all receivables, including the $921,471.42 owed by the Cleveland Clinic. Nonetheless, Cogent refused to produce any account statements, bank records, amortization schedules, or related accounting records—asserting without support that the Blocked Account is "exempt" from these collections proceedings and "not relevant."

Cogent now seeks to dissolve the writ of garnishment on the theory that its lien requires the $921,471.42 to be deposited solely into the Blocked Account. But Cogent has failed to produce any of the underlying amortization schedules, account statements, bank records, or accounting records that would establish the validity or scope of its lien, or show whether any portion of those receivables may be reached by Talentscale.

Cogent's refusal to comply is not limited to bank records. Talentscale's relationship with Aery predates Cogent's financing arrangement, and yet Cogent has never attempted to facilitate payment of Aery's obligations—even as it continues to collect interest on its loans. Notably, Cogent did not initiate any lawsuit or garnishment proceedings of its own before Talentscale filed the writ, and only appeared in this proceeding to protect its own claimed interests after the Cleveland Clinic answered the writ of garnishment.

Talentscale brings this motion to compel compliance with narrowly tailored requests that go directly to its outstanding judgment and the issues raised by Cogent's motion to dissolve. Specifically, Talentscale seeks production of documents responsive to Requests Nos. 1, 2, 4, 5, and 7 of its subpoena:

Request #1 provides as follows:

> Produce account statements for any financial accounts held by you in the name of or for the benefit of Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, including checking, savings, and investment accounts, from January 1, 2021 to the present.

Request #2 provides as follows:

> Produce records of any wire transfers, ACH transfers, or funds transfers involving accounts held by you by or for the benefit of Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

Request #4 provides as follows:

> Produce contracts, agreements, or purchase orders between you and Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, from January 1, 2021 to the present.

Request #5 provides as follows:

> Produce records of any loans or financing arrangements between you and Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, including repayment terms and outstanding balances, from January 1, 2021 to the present.

Request #7 provides as follows:

> Produce correspondence or communications between you and Aery Aviation, LLC, whose address is 1009 Providence Boulevard, Newport News, VA, 23602, related to payments or account balances from January 1, 2021 to the present.

These requests are directly relevant to the Blocked Account, where Aery is currently depositing the receivables subject to garnishment, and to Cogent's claim that the account lacks sufficient funds to cover Aery's obligations. The requested documents will also shed light on whether the Blocked Account is being used to shield assets and evade enforcement of Talentscale's judgment. And despite having contracted with Aery as far back as January 2021, Talentscale has agreed to limit the scope of its requests to documents from January 1, 2024 onward. For the reasons explained below, this motion to compel should be granted.

## BACKGROUND

On October 9, 2024, Judgment Creditor obtained a $1,142,467.20 federal judgment against Aery Aviation, LLC in *Talentscale, Inc. v. Aery Aviation, LLC*,

Case No. 4:24-cv-00033, in the United States District Court for the Eastern District of Virginia. ECF No. 2. On December 10, 2024, the clerk in that action issued a writ of garnishment to Cogent Bank, which was served. ECF No. 78-1. In its January 9, 2025 answer, Cogent claimed that Aery maintained only a single account ending in 0213, holding a balance of $945.22. ECF No. 78-2. In its answer, Cogent did not disclose the existence of any other accounts held by or for the benefit of Aery. *Id.*

On January 13, 2025, Talentscale registered the Virginia judgment with this Court. ECF No. 2. On February 3, 2025, Talentscale issued a subpoena on Cogent seeking financial records concerning any accounts held by or for the benefit of Aery, including records related to any collateral, loan advances, or payments applied to outstanding obligations. ECF No. 78-3. In response, Cogent asserted numerous boilerplate objections without disclosing the existence of accounts held by or for the benefit of Aery. ECF No. 78-4. On March 26, 2025, Cogent's counsel sent a conferral email to Talentscale's counsel, disclosing, for the first time, that Cogent held a separate "Blocked Account" for Aery. However, other than certain agreements related to that account, Cogent refused to produce account statements or any other documentation for that account. On March 27, 2025, Cogent produced some documents disclosing, for the first time, an additional two accounts held by

Aery.[1] However, Cogent Bank has withheld records for Requests 1, 2, 4, 5, and 7 in Talentscale's subpoena. ECF No. 78-3.

Subsequently, on March 28, 2025, upon motion by Talentscale, the Clerk issued a writ of garnishment to Cleveland Clinic, one of Aery's known contractors. ECF No. 46. In its amended answer, Cleveland Clinic confirmed it owed $921,471.42 in receivables to Aery. ECF No. 73, ¶ 1. Then, on May 14, 2025, Cogent filed a motion to dissolve the writ issued to Cleveland Clinic, producing the Business Loan Agreement, Blocked Account Agreement, Security Agreement, and related promissory notes, amendments, and other loan documents pertaining to Cogent's purported senior lien on the entirety of the $921,471.42 owed by Cleveland Clinic to Aery. ECF Nos. 65; 65-1, pp. 10-105.

According to these documents, Cogent Bank issued a $15 million revolving line of credit in 2021 not just to Aery, but jointly to Aery, Flight Support, Inc., Electronic Warfare Training Support, LLC, Strategic Airborne Operations JV, LLC, and GH Equipment, LLC. No. 65-1, pp. 10; 16-17; 49; 56; 71; 79; 85; 92. The loan structure required the borrowers to execute individual "Sub-Notes" for each draw, each of which would set out the amount borrowed and an 84-month amortization schedule showing the monthly principal and interest payments owed by each

[1] This production is subject to a Stipulated Confidentiality Agreement entered between Cogent Bank and Talentscale. Talentscale will provide the subpoena production to the Court upon request.

borrower. ECF No. 65-1, pp. 49-50. Under the Blocked Account Agreement, all receivables from Aery and the co-borrowers were to be deposited into a "Blocked Account" ending in 0189 held by Cogent for the borrowers' benefit, with the funds first applied to any outstanding monthly installment payment owed to Cogent and the remainder, if any, transferred to a separate operating account held by Aery ending in 0213. ECF No. 65-1, pp. 71-73. This includes Cleveland Clinic's receivables. *Id.* The Blocked Account is required to maintain at least $100.00 at all times. *Id.*

Cogent Bank relies on these documents to support its claimed lien, but has not produced any of the underlying amortization schedules, loan servicing records, "Blocked Account" statements, or other accounting records for the loan. Although the loan documents suggest that multiple entities were potentially jointly liable for Cogent's $15 million revolving line of credit, Cogent's Senior Vice President now asserts, without attaching the amortization schedules, or other accounting documentation, that only Aery owes the full balance. ECF No. 65 at 4; ECF No. 65-1 at 4-7.

## <u>MEMORANDUM OF LAW</u>

Talentscale is entitled to broad post-judgment discovery under Federal Rule of Civil Procedure 69(a)(2) to identify assets that may be executed upon to satisfy its $1,142,467.20 judgment against Aery. Federal courts have consistently held that a judgment creditor may obtain expansive financial discovery from both the debtor

and third parties, even where privacy concerns are raised. *Cardinal v. Vitamin Emporium, Inc.*, No. 6:21-cv-379-ACC-EJK, 2023 WL 8877886, at *2 (M.D. Fla. Dec. 22, 2023); *see also Fed. Trade Comm'n v. NPB Advert.*, No. 8:14-CV-1155-T-23TGW, 2017 WL 11682312, at *1 (M.D. Fla. Apr. 14, 2017) ("discovery is broad under Rule 69(a)(2), and a judgment creditor is permitted to obtain discovery from nonparties."); *see also Bujanowski v. Kocontes*, No. 8:08-CV-0390-T-33EAJ, 2009 WL 10744070, at *1-3 (M.D. Fla. Aug. 19, 2009) (deny judgment debtor's motion to quash and allowing judgment creditor to subpoena forty-four categories of documents covering the debtor's "financial transactions over the previous five years.").

The "purpose of discovery under Rule 69(a)(2), is to determine the assets that can be used to pay a judgment and to discover a judgment debtor's fraudulent transfer of assets or concealment of assets." *Id.* As this Court highlighted:

> The creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred. Broad discovery of a debtor's assets is permitted postjudgment—the debtor's assets, whether held individually or jointly, are relevant to collecting the debt owed.

*WL All. LLC v. Precision Testing Grp., Inc.*, No. 3:19cv4459-RV/HTC, 2022 WL 19333294, at *2-3 (N.D. Fla. Nov. 14, 2022) (quoting *Assn. for Disabled Americans, Inc. v. Dinette Showcase, Inc.*, Case No. 00-8552-CIV, 2015 WL 9690016, at *1 (S.D. Fla. Dec. 9, 2015)).

This Court reaffirmed those principles in its May 19, 2025 Order, expressly authorizing Talentscale to pursue third-party discovery into "fraudulent transfers, income streams, accounts receivable, and other assets that may be seized to satisfy the judgment." ECF No. 76, p. 3.

That discovery is especially critical here. Aery has not paid a cent toward the $1,142,467.20 judgment and has selectively responded to discovery. Now, Cogent Bank claims it is entitled to the full $921,471.42 in receivables garnished from Cleveland Clinic, yet refuses to produce the basic documentation needed to evaluate its asserted lien. Specifically, Cogent has not produced the amortization schedules referenced in its own loan documents or accounting records—materials necessary to determine how much Aery, as opposed to its co-borrowers, actually owes. Nor has Cogent produced account statements, wire records, or other documentation from the Blocked Account, where it now claims all garnished receivables must be deposited.

Talentscale's subpoena seeks targeted information directly relevant to Cogent's motion to dissolve: bank records for the Blocked Account, documents reflecting the flow of payments to and from Aery's accounts, and Cogent's communications with Aery concerning account balances and payments. This discovery is necessary to determine whether the $921,471.42 garnished from Cleveland Clinic is reachable by Talentscale, or whether it is being improperly

shielded under the guise of a loan structure that lacks transparency and supporting documentation.

Absent this discovery, Talentscale cannot determine whether any collectible assets exist, whether assets have been concealed or redirected to evade collection, or whether Cogent has any legitimate basis for asserting a priority claim over full amount of the garnished funds. Talentscale respectfully requests that the Court compel Cogent to comply with the outstanding subpoena so that it may enforce its judgment and assess the validity of the pending motions to dissolve the writ and Cogent's claimed lien.

Separately, Cogent has waived any objection to this Court's jurisdiction to compel discovery. By filing its motion to dissolve the writ of garnishment, Cogent voluntarily invoked the Court's authority and became a party to these garnishment proceedings. *Villamoery, S.A. v. BDT Investments, Inc.*, 245 So.3d 909, 912 (Fla. 3d DCA 2018) (citing *Babcock v. Whatmore*, 707 So.2d 702, 705 (Fla. 1998)) ("irrespective of which statutory procedure is invoked—section 77.07(2) or 77.16(1)—the result is the same: the person, by affirmatively seeking to dissolve the writ, has assented to the court's jurisdiction over it and is a party to the garnishment proceedings."). This Court has jurisdiction to compel Cogent to produce discovery.

## CONCLUSION

Talentscale respectfully requests an order compelling Cogent Bank to produce the following documents: the amortization schedules referenced in the loan agreements; monthly account statements for the Blocked Account ending in 0189 from January 1, 2024 to the present; wire transfer and cancelled check records for the Blocked Account ending in 0189 from January 1, 2024 to the present; communications between Cogent and Aery concerning Aery's accounts and revolving line of credit with Cogent from January 1, 2024 to the present; and accounting documents identifying the monthly principal and interest amounts owed and paid to Cogent by Aery, as opposed to its co-borrowers, from January 1, 2024 to the present.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: */s/ Eric J. Pons*

Eric J. Pons
Florida Bar No. 1018390
epons@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 479-7380

*Attorneys for Judgment Creditor Talentscale, Inc.*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rules 7.1(B) and (C), counsel for Talentscale, Inc. conferred with counsel for Cogent Bank via e-mail on May 22, 2025. Cogent's counsel was unable to confirm whether Cogent Bank would agree to produce the requested documents, but indicated that the Bank may only object to producing records for the Blocked Account ending in 0189.

Given the upcoming May 23, 2025 hearing and the expedited schedule applicable to these garnishment proceedings, Talentscale's counsel advised that the instant motion would be filed on May 22, 2025. Counsel further stated that, should Cogent Bank ultimately agree to produce the disputed documents, and both Cogent Bank and Aery Aviation, LLC agree to a reasonable extension following the date of production for Talentscale to review the documents and file its opposition to the motions to dissolve, Talentscale would circulate a joint stipulation informing the Court.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), I hereby certify that this memorandum contains 2,212 words, excluding the case style, signature block, and certificates, as counted by Microsoft Word.

## CERTIFICATE OF SERVICE

I, Eric J. Pons, hereby certify that I served the foregoing via CM/ECF on May 22, 2025, which serves electronic notice on all counsel of record and registered CM/ECF users.

By: *[/s/ Eric J. Pons]*
Eric J. Pons