**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

Case No. 5:25-mc-00001-TKW

TALENTSCALE, INC.,
Plaintiff,
v.

AERY AVIATION, LLC
Defendant.

and

THE CLEVELAND CLINIC FOUNDATION,
Garnishee.
_______________________________________/

**TALENTSCALE'S MOTION FOR RELIEF FROM THE COURT'S MAY 23, 2025 ORDER ON MOTIONS TO DISSOLVE WRIT OF GARNISHMENT TO CLEVELAND CLINIC**

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), Judgment Creditor Talentscale, Inc. ("Talentscale") respectfully moves for relief from the Court's May 23, 2025 Order dissolving the writ of garnishment issued to the Cleveland Clinic Foundation ("Cleveland Clinic"). ECF No. 84.

## INTRODUCTION

Talentscale holds a $1,142,467.20 federal judgment against Aery Aviation, LLC ("Aery"). On March 31, 2025, Talentscale served a writ of garnishment on Cleveland Clinic. In its answers, Cleveland Clinic admitted it was indebted to Aery in an amount totaling $921,471.42, and these answers made no mention of Cogent

Bank. The Court granted the motions to dissolve the writ filed by Aery and Cogent Bank without holding a noticed hearing or jury trial, and did so based on materially inaccurate information and an incomplete record. Relief is warranted under Rule 59(e) and Rule 60(b)(2), (3), and (6) because:

- The Court ruled without the required hearing or jury trial per Fla. Stat. §§ 77.07(1), 77.16(1).
- Cogent's affidavits were legally insufficient per Fla. Stat. § 77.16(1).
- Newly discovered evidence disproves unsworn representations of counsel at the telephonic conference noticed the prior day.
- The Court, acting sua sponte, shortened the response deadline, which unfortunately coincided with Cogent's delayed discovery and a subsequently filed supplemental motion.
- Talentscale was denied any meaningful opportunity to rebut the central factual assertions used to justify dissolving the writ.

## PROCEDURAL BACKGROUND

1. On March 31, 2025, Talentscale served the writ of garnishment on Cleveland Clinic. Pons Decl., ¶ 33, Ex. 2.

2. Cleveland Clinic's answer was due on April 22, 2025 per Fla. Stat. § 77.04. It failed to answer by the deadline.

3. Cleveland Clinic's April 24, 2025 answer reflected that $126,434.97 was owed to Aery, not Cogent. ECF No. 59. Cleveland Clinic's May 15, 2025 amended answer increased the amount to $921,471.42 owed to Aery and neither of Cleveland Clinic's answers mentioned Cogent. ECF Nos. 59, 73.

4. On May 14, 2025, Cogent filed a motion to dissolve under Fla. Stat. § 77.16, per ECF No. 65, and Aery filed a motion to dissolve under Fla. Stat. § 77.07. ECF No. 68.

5. On May 15, 2025, the Court sua sponte shortened Talentscale's L.R. 7.1(E) motion response deadline from May 28, 2025 to May 21, 2025, four business days later. ECF No. 71.

6. On May 21, 2025 Cogent filed a second affidavit and additional documents in a supplement to its motion to dissolve or in a supplemental motion to dissolve. ECF No. 77.

7. On May 21, 2025 Talentscale moved for a short extension to file a written response due to outstanding discovery that Cogent had not yet produced. ECF No. 78.

8. On May 22, 2025, Talentscale filed a motion to compel the missing discovery. ECF No. 82.

9. On May 22, 2025, in the afternoon, the Court noticed a hearing solely on Talentscale's motion for extension of time to occur the next morning on May 23, 2025. ECF No. 80.

10. At the May 23, 2025 telephonic conference, Cogent's counsel stated that her client "had informed me was that as of April, 2025, Aery was 30 days past

due on their loan payments for all three of the facilities. And so that was as of April. So I am guessing that March payment has not been made." Tr. 19:25-20:3.

11. On May 28, 2025, Cogent produced ledgers showing $5,923,136.08 paid by Aery to Cogent over 42 payments in March and April 2025. Pons Decl., ¶¶ 70-74.[1]

12. The May 28, 2025 documentation also reflected that in the post-lien period from March 31, 2025 through May 21, 2025, Cogent extended $6,336,853.46 in new credit to Aery. Pons Decl., ¶ 65.

13. On May 23, 2025, at the end of the telephonic conference on the motion for extension of time, the Court granted Aery and Cogent's motions to dissolve and entered a corresponding order dissolving the writ of garnishment with the $921,471.42 held by Cleveland Clinic. ECF No. 84.

## ARGUMENT

### I. The Florida Garnishment Statute Does Not Require a Written Response to a Motion to Dissolve.

Fla. Stat. § 77 contains no obligation whereby a judgment creditor must file a written response to a motion to dissolve a garnishment. Under Fla. Stat. § 77.07(1), the Court must "set down such motion for an immediate hearing." Likewise, § 77.16(1) mandates a jury trial upon affidavit by a third-party claimant, unless

[1] All source financial records are available to the Court upon request. Counsel will meet and confer, as necessary, regarding whether a motion to seal is needed.

waived. While fully cognizant of the Court's authority under the Local Rules to manage its docket, Talentscale respectfully notes that it timely moved for a short extension to file its response due to Cogent's delay and failure to produce discoverable documents by the earlier May 21, 2025 deadline, as those documents were not produced until May 28, 2025. If Talentscale had those records by May 21, 2025, no extension would have been needed. No provision of § 77.07 or § 77.16 requires a written opposition to preserve rights and the statutory scheme presumes live adjudication. See *RPS, Inc. v. Travel Max Int'l*, 823 So. 2d 243, 244 (Fla. 2d DCA 2002). Talentscale never waived its right to a hearing on Aery's motion or a jury trial on Cogent's motion, as required under Florida law.

## II. The Florida Garnishment Statute Requires a Hearing or Jury Trial to Adjudicate Motions to Dissolve Writs of Garnishment.

Chapter 77 requires a hearing on Aery's motion under § 77.07(1) and a jury trial on Cogent's third-party claim under § 77.16(1).[2] No such hearing or trial occurred. Talentscale's motion to extend time was the only matter noticed on May 23, 2025. The Court sua sponte adjudicated the motions to dissolve anyway. This denied Talentscale its rights under §§ 77.07 and 77.16 and violated fundamental due

[2] Cogent and Talentscale agree, as Cogent stated: "[i]f the parties cannot resolve competing claims to the same funds, a jury must be impaneled to determine those competing rights." ECF No. 65 at 7.

process. See *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313-14 (1950).

## III. Both of Cogent Bank's Affidavits are Insufficient Under Fla. Stat. § 77.16(1).

Per § 77.16(1), a third-party claimant must submit an affidavit stating that the garnished debt is due to the claimant and not to the defendant, or that the garnished property is the claimant's property. Both of Cogent's affidavits did neither. Cogent's affiant recited that *Aery* had agreed to use a "Blocked Account," but it did not assert that *Cleveland Clinic* entered into any agreement with Cogent or that Cleveland Clinic owed money to Cogent. Cleveland Clinic was not a party to the Blocked Account Agreement. An internal account redirection or sweep is not an assignment.

Cleveland Clinic stated in its answers that it was indebted to Aery, not Cogent. ECF Nos. 59 ¶ 1, 73 ¶ 1. And Cogent's affidavits confirmed that Cleveland Clinic owes money to Aery. ECF No. 65-1, ¶ 27 ("The Cleveland Clinic Receivables are amounts that the Cleveland Clinic owes Aery…"); ECF No. 77-1, ¶ 5 ("The Additional Cleveland Clinic Receivables—like the Cleveland Clinic Receivables identified in Cogent's original Affidavit (DE 65-1)—are amounts that the Cleveland Clinic owes Aery…").

Furthermore, the invoices that Aery sent to Cleveland Clinic do not direct payment to any party other than Aery. ECF Nos. 65-1 at 109-124, 77-1 at 5-158. The affidavits do not state that the garnished funds are due to Cogent or owed to Cogent,

or that the garnished funds are Cogent's property. The affidavits are facially insufficient and the motions to dissolve should have been denied. See *Am. Home Assur. Co. v. Weaver Aggregate Transp., Inc.*, 84 F. Supp. 3d 1314, 1323-24 (M.D. Fla. 2015); *Am. Alt. Ins. Corp. v. S. Fla. Glazing, Inc.*, 904 So. 2d 656, 657 (Fla. 4th DCA 2005).

## IV. Cogent Lacks Standing to Move to Dissolve the Writ Because Cogent Failed to Declare Default.

A secured creditor must demonstrate default before defeating a garnishment lien. *Weaver*, 84 F. Supp. 3d at 1323–24. Cogent's affidavits never allege default. Cogent's counsel admitted at the hearing that Cogent had not notified Aery of any breach or default. See Hr'g Tr. 17:7–14. The March 2025 loan statement showed only $176,232.18 was due. Aery paid $3,117,963.31 to Cogent that month. Without a declared default, Cogent lacks standing to assert a superior claim to garnished funds. For this additional reason, the motion to dissolve should have been denied.

## V. The Court Relied on False and Prejudicial Unsworn Statements Presented by Counsel at the Telephonic Conference on the Motion to Extend.

At the May 23, 2025 telephonic conference on Talentscale's motion for extension of time, Cogent's counsel falsely stated that Aery had not made loan payments in March or April. Tr. 19:25-20:3. Five days later, Cogent produced ledgers showing that Aery paid $5,923,136.08 to Cogent over 42 payments in that exact timeframe. Pons Decl., ¶¶ 70-74.

Cogent's counsel stated that her client had informed her "that as of April, 2025, Aery was 30 days past due on their loan payments for all three of the facilities." Tr. 19:25-20:3. Counsel was repeating inaccurate information she received directly from Cogent, and presumably from Cogent's affiant. The transcript indicates that the Court found this information persuasive in connection with its ruling. The Court, without the benefit of adversarial testing or full disclosure of the underlying facts, understandably relied on the representations presented at the hearing. In light of the evidence now available, reconsideration and relief are warranted under Rule 60(b)(3).

## VI. Cogent's May 21, 2025 Supplement Triggered a New Response Deadline.

On May 21, 2025, the day Talentscale's response was due, while Cogent withheld the bank records that it subsequently produced on May 28, 2025, Cogent filed a second affidavit along with 154 pages of additional invoices to Cleveland Clinic. This "Supplement" or supplemental motion followed Cleveland Clinic's May 15, 2025 amended answer, and it contained a second affidavit. Because of the second affidavit, which is the statutory requirement under § 77.16(1), it is therefore likely classified as a new or amended motion to dissolve even though the second motion lacks a Local Rule 7.1(B) certificate.

Talentscale should have been afforded, at a minimum, an opportunity to respond to the amended motion filed on the day of Talentscale's deadline. See Fla.

Stat. § 77.07(2); Fed. R. Civ. P. 6. The Court's denial of Talentscale's timely motion for an extension, particularly where Cogent filed an amended or supplemental motion to dissolve on the same day that arguably reset the response deadline, deprived Talentscale of a fair opportunity to review and rebut newly introduced evidence, resulting in a violation of fundamental due process.

## VII. Cogent's Post-Garnishment Extensions of Credit are Subordinate.

The Court was also not informed at the telephonic conference that between March 31, 2025 and May 21, 2025, Cogent extended $6,336,853.46 in new credit to Aery. Because Cogent had actual knowledge of Talentscale's garnishment lien, Cogent's post-lien advances are subordinate under Fla. Stat. § 679.323(2). The order was silent on this issue, and neither party had an adequate opportunity to address the effect of post-lien extensions of credit under § 679.323(2) ("Except as otherwise provided in subsection (3), a security interest is subordinate to the rights of a person who becomes a lien creditor to the extent that the security interest secures an advance made more than 45 days after the person becomes a lien creditor…").

## VIII. Relief is Appropriate Under Rule 60(B)(1).

Rule 60(b)(1) is the proper subsection for correcting mistakes, including misconceptions, misunderstandings, and mistakes of law, as such circumstances are within the "mistake, inadvertence, surprise, or excusable neglect" category. *Kemp v. United States*, 596 U.S. 528, 530-34 (2022). Here, the Court understandably ruled

on an incomplete record. It adjudicated the motions to dissolve at a telephonic conference noticed only on Talentscale's motion for extension of time. Talentscale had not yet received the discovery from Cogent that would have rebutted the factual basis for dissolution, and on the same day Talentscale's response was due, Cogent filed new evidence, including a second affidavit. The record did not reflect the substantial post-lien payments made by Aery or the fact that Cogent had extended over $6.3 million in new credit during the garnishment period—information that directly undermines any possible implied claim of default which is necessary to Cogent's asserted entitlement to the garnished funds.

The Court also ruled without holding the evidentiary hearing and jury trial required by Fla. Stat. §§ 77.07 and 77.16, which constitutes an additional legal problem within the scope of Rule 60(b)(1). Had the full factual record and applicable statutory procedures been before the Court, the outcome may well have been different. Accordingly, Talentscale respectfully submits that the May 23, 2025 order should be reconsidered under Rule 60(b)(1) as it resulted from mistake.

**IX. Newly Discovered Evidence Supports Relief Under Rules 59(E) and 60(B)(2).**

Relief is warranted under Rule 60(b)(2) when: (1) the evidence was discovered after judgment; (2) due diligence was exercised; (3) the evidence is not cumulative; (4) it is material; and (5) it is likely to produce a different result. See *In re Global Energies, LLC*, 763 F.3d 1341, 1347 (11th Cir. 2014). Talentscale satisfies

each element. It diligently sought discovery. The $5.9 million in payments, the newly produced Cleveland Clinic emails, and the financial records were withheld until after the hearing. These facts materially undermine the order dissolving the writ.

## X. Extraordinary Circumstances Warrant Relief under Rule 60(B)(6).

If relief were unavailable under other subsections, the extraordinary circumstances here support relief under Rule 60(b)(6). See *Affordable Aerial Photography, Inc. v. Ditommaso*, No. 22-80030-CV, 2023 WL 11796994 (S.D. Fla. Nov. 9, 2023). This writ represents 81% of the outstanding judgment and would substantially resolve the enforcement efforts proliferating in these judgment enforcement proceedings.

The record developed after the ruling reveals significant inaccuracies in the factual narrative previously presented to the Court—namely, that Aery was past due for all three facilities since April and that Aery is supposedly unable to pay the judgment balance. In March and April 2025 alone, Aery transferred to Cogent over five times the judgment amount. The Court understandably ruled without the benefit of a complete and accurate record, and without the evidentiary process that Florida law mandates for such motions. Talentscale respectfully submits that relief is warranted to prevent manifest injustice. Without relief, Talentscale risks the loss of

81% of its judgment based on a ruling entered without the required hearing and on factual representations that have since been disproven.

## CONCLUSION

For the foregoing reasons, Talentscale respectfully requests that the Court:

1. Vacate its May 23, 2025 Order;
2. Set Cogent's motion to dissolve for a jury trial per § 77.16(1);
3. Set Aery's motion to dissolve for an evidentiary hearing per § 77.07(1); and,
4. Grant such further relief as is just and proper.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: *<u>/s/ Kenneth E. Chase</u>*

Kenneth E. Chase
Florida Bar No. 017661
kchase@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 402-9800

*Counsel for Plaintiff*
*Judgment Creditor Talentscale, Inc.*

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rules 7.1(B), I hereby certify that Talentscale's counsel, my co-counsel Eric Pons, conferred with counsel for Cogent Bank and Aery Aviation, LLC, who oppose the requested relief, as stated in their respective email responses on which I was copied.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), I hereby certify that this memorandum contains 2,435 words, excluding the case style, signature block, and certificates, as counted by Microsoft Word.

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF, which serves electronic notice to all counsel of record, on June 11, 2025.

By: *\/s/ Kenneth E. Chase*
Kenneth E. Chase