**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

Case No. 5:25-mc-00001-TKW

TALENTSCALE, INC.,
     Plaintiff,
v.

AERY AVIATION, LLC
     Defendant.

and

THE CLEVELAND CLINIC FOUNDATION,
     Garnishee.

_____/

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff / Judgment Creditor Talentscale, Inc.

hereby appeals to the United States Court of Appeals for the Eleventh Circuit from:

1. **The July 1, 2025 Order Denying Reconsideration [ECF No. 106]** relative to the Motion for Relief from the Court's May 23, 2025 Order Dissolving the Writ of Garnishment at ECF No. 93, and

2. **The May 23, 2025 Order Granting the Motions to Dissolve the Writ of Garnishment to Cleveland Clinic [ECF No. 84]** referencing ECF Nos. 65, 68, 77 and ECF No. 46 and Denying the Motion for Extension of Time at ECF No. 78.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By:    */s/ Kenneth E. Chase*
       Kenneth E. Chase
       Florida Bar No. 017661
       kchase@chaselaw.com
       Chase Law & Associates, P.A.
       951 Yamato Road, Suite 280
       Boca Raton, FL 33431
       Telephone: (305) 402-9800

       *Counsel for Plaintiff*
       *Judgment Creditor Talentscale, Inc.*

## CERTIFICATE OF SERVICE

I, Kenneth E. Chase, hereby certify that I served the foregoing via CM/ECF,

which serves electronic notice to all counsel of record, on July 31, 2025.

By:    */s/ Kenneth E. Chase*
       Kenneth E. Chase

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**TALENTSCALE, INC.**,

    **Plaintiff**,

**v.**                                           **Case No. 5:25mc1-TKW**

**AERY AVIATION, LLC**,

    **Defendant**.

_____/

**<u>ORDER DENYING RECONSIDERATION</u>**

This case is before the Court based on Plaintiff's motion for relief from order dissolving writ of garnishment (Doc. 93). No hearing is needed to rule on the motion.

Upon due consideration of the motion and its attachments and the responses in opposition filed by Defendant (Doc. 104) and Cogent Bank (Doc. 105), the Court is not persuaded that it procedurally or substantively erred in dissolving the writ of garnishment issued to Cleveland Clinic Foundation (CCF). Thus, the Court sees no reason to reconsider or otherwise grant Plaintiff relief from the order dissolving the writ.

None of the points raised by Plaintiff in its motion undermine the dispositive (and still-undisputed) fact that the garnished funds were assigned to Cogent Bank as part of a financing arrangement and were subject to a perfected security interest that

had priority over Plaintiff's judgment at the time the writ of garnishment was served. Moreover, putting aside the question of whether Plaintiff waived any right that it may have had to a jury trial on Cogent Bank's claim to the garnished funds by not raising the issue at any point during the hour-long hearing at which the Court afforded all parties the opportunity to be heard on the motion to dissolve the writ of garnishment,[1] it is well-established that a jury trial is not required where (as here) the principal issue is a legal question regarding the priority of the competing interests in the garnished funds. *Open Air Control Prods., Inc. of Miami*, 174 So.2d 561, 564 (Fla. 3d DCA 1965); *see also Tortuga Marine Salvage Co. v. Hartford Accident and Indemnity Co.,* 171 So.2d 54 (Fla. 3rd DCA 1965) (explaining that a court can enter "summary ruling" on the title to garnished property if warranted by the facts).

That said, the Court continues to believe that the parties would be better served in trying to negotiate a resolution of this case rather than continuing to incur attorney's fees litigating enforcement actions in this and other courts. *See* Doc. 92 at 25-27, 45 (making this point); Doc. 84 at 2 (same). Indeed, given that Defendant appears to still be a viable ongoing business that Cogent Bank continues to lend money to notwithstanding Defendant's apparent breach of the loan agreement, *see*

---

[1] *See Charlotte Dev. Partners, LLC v. Tricom Pictures and Prods., Inc.*, 33 So.3d 690, 693 (Fla. 4th DCA 2009) (holding that the party claiming to have an interest in the garnished funds waived its right to a jury trial when the parties "jumped at the court's invitation to expeditiously resolve the case on the merits" and the party's request for a jury trial was not made until an hour into the hearing when the party "perceived that its case was proceeding poorly").

Doc. 92 at 16-17 (discussing §5.12 of the agreement), the Court is confident that the parties and their counsel can figure out a way for Defendant to start (and, hopefully, finish) paying Plaintiff's judgment sooner rather than later.

Accordingly, for the reasons stated above, it is **ORDERED** that:

1.      Plaintiff's motion for relief from order dissolving writ of garnishment (Doc. 93) is **DENIED**.

2.      CCF may now renew its motion for attorney's fees, *see* Doc. 101, but before it does so, it shall make a good faith effort to resolve the matter with Plaintiff in accordance with Local Rule 7.1(B).

**DONE and ORDERED** this 1st day of July, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

3

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**TALENTSCALE, INC.**,

 **Plaintiff**,

v.              **Case No. 5:25mc1-TKW**

**AERY AVIATION, LLC**,

 **Defendant**.

_____/

**<u>ORDER</u>**

This case came before the Court for telephonic hearing on Plaintiff's motion for extension of time (Doc. 78). At the hearing, the Court also heard argument on the motions to dissolve the writ of garnishment issued to Cleveland Clinic Foundation (Docs. 65, 68, 77) and Plaintiff's motion to compel discovery (Doc. 82). For the reasons stated on the record at the hearing, it is

 **ORDERED** that:

 1. The motion for extension of time (Doc. 78) is **DENIED**.

 2. The motions to dissolve (Docs. 65, 68, 77) are **GRANTED**, and the writ of garnishment issued to Cleveland Clinic Foundation (Doc. 46) is **DISSOLVED** because the money identified in the answer and amended answer to the writ is subject to Cogent Bank's prior secured interest.

3.      Ruling is deferred on the motion to compel discovery (Doc. 82) so the parties can attempt to resolve the motion based on the guidance provided by the Court at the hearing.  The parties shall file a status report on their efforts to resolve the motion no later than 14 days from the date of this Order, and if the parties report that the motion is not fully resolved, the report shall identify the issues in dispute and detail the parties' respective positions on those issues.  After the Court reviews the status report, it will determine whether to refer the motion to compel to the magistrate judge for resolution.

4.      Plaintiff and Defendant (and Cogent Bank, if necessary) are encouraged to engage in settlement discussions regarding payment of the judgment to avoid the collection litigation that is occurring in this and other courts.

**DONE and ORDERED** this 23rd day of May, 2025.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**

2