Internal FR

FEDERAL RESERVE CONSUMER HELP

**Date Submitted:** 2025-08-22

**Name:** Doug Poldrugo

**Address:** PO Box 2299 Santa Rosa Beach, FL 32459

**Country:** United States

**Phone:** 760-458-7633

**Alternate Phone:**

**Email Address:** doug@kinetic-ts.com

**Contact Preference:** Email

**FRCH Obtained Third Party Consent:** Y

**Third Party Name:** Kenneth Chase

**Third Party Address:** 951 Yamato Road, Suite 280 Boca Raton, FL 33431

**Third Party Country:** United States

**Third Party Phone:** 3054029800

**Third Party Alternate Phone:**

**Third Party Email:** kchase@chaselaw.com

**Institution Name:** Cogent Bank

**Institution Routing Number:**

**Account/Product Type:** Business Loan Agreement

**Exhibit "K"**

**Institution Address:** 420 S Orange Ave, Ste 150 Orlando, FL 32801

**Institution Country:** United States

**Institution E-mail Address:**

**Institution Phone Number:**

**Institution Additional Contact Information:**

**Complaint Description:**
Cogent Bank appears to have an inappropriate and unlawful relationship with its borrower, Aery Aviation, LLC. Cogent and Aery entered into a Business Loan Agreement on June 23, 2021, secured by a $9 million revolving line of credit. That limit was raised to $15 million, and most recently to $18 million in July 2025.

Talentscale, Inc. is a specialized staffing company which provided nearly a year of services to Aery in 2021-2022 but was never paid. Aery made repeated written promises to "satisfy all debts owed to Talentscale" and on February 8, 2023, acknowledged the full amount owed. Despite Cogent's credit facilities that gave Aery ample liquidity, Aery falsely claimed it lacked funds. On October 9, 2024, Talentscale obtained a federal judgment for $1,142,467 in the Eastern District of Virginia, later domesticated in the Northern District of Florida (Case No. 5:25-mc-00001-TKW-MJF). Aery did not appeal.

Even after judgment, Aery continued to insist it lacked liquidity. In post-judgment discovery, Cogent failed to disclose all Aery accounts pursuant to subpoena and writ of garnishment. Cogent then intervened in a $921,471 garnishment proceeding, moving to dissolve Talentscale's writ and permitting Aery to mislead the court that the garnished debt was owed to Cogent rather than Aery. On May 23, 2025, Cogent's counsel misled the judge again, stating Aery was "30 days past due" and had not made its March payment. This was false. On May 28, 2025, after Talentscale's motion to compel, Cogent produced records showing Aery paid Cogent $5,923,136 in March and April 2025-nearly $6 million concealed while persuading the judge to release Talentscale's garnishment. Cogent never corrected the record.

These documents confirm Aery had sufficient liquidity at all times, and that Cogent actively assisted in concealing this. The Loan Agreement requires Aery to pay "all respective obligations and liabilities... before they shall become delinquent or in default" (Sections 5.08; 9.01(k)). Cogent knew Aery ignored this covenant by refusing to pay a federal judgment, yet continued to support its borrower's deception. The judge expressly stated that payment to Talentscale was within the scope of the loan proceeds. In July 2025, Cogent raised Aery's credit line to $18 million, eliminating any argument that Aery lacked funds to pay a judgment nearly three times smaller than the increase alone. But Aery still refused, insisting it was "controlled" by its lender and could not act without Cogent's direction.

When asked, Cogent's counsel said Cogent "does not object" to Aery paying, but Cogent has stalled and enabled this charade, undermining a federal judgment. Talentscale has been severely harmed.

Cogent's relationship with Aery may also be unlawful because the sheer scale of transfers through Aery's accounts-millions monthly-generate massive fees which, if treated as interest, appear usurious. Cogent thus appears to be violating the rights of a judgment-creditor while charging unlawful rates to a borrower that, with Cogent's assistance, defrauded a court. Cogent also concealed at least 33 communications with Aery by claiming "privilege." We are confident that investigation will uncover unsound banking practices at minimum, and likely unlawful conduct by a regulated bank. We request this matter be investigated to the fullest extent of the law.

**Preferred Complaint Resolution:**

We respectfully request a full investigation