**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA**

Case No. 5:25-mc-00001-TKW-MJF

TALENTSCALE, INC.,

      Plaintiff / Judgment-Creditor,

v.

AERY AVIATION, LLC,

      Defendant / Judgment-Debtor.

_____/

**JUDGMENT CREDITOR'S MOTION FOR
WRIT OF GARNISHMENT TO THE CLEVELAND CLINIC**

Pursuant to Federal Rule of Civil Procedure 69 and Section 77.03, Florida Statutes, Judgment Creditor Talentscale, Inc. moves for the issuance of a Writ of Garnishment to the Cleveland Clinic.

**BACKGROUND**

1.  On October 9, 2024, Judgment Creditor obtained a Judgment in a Civil Case against Judgment Debtor Aery Aviation, LLC, amounting to $1,142,467.20, from the United States District Court for the Eastern District of Virginia ("Judgment"). ECF No. 1.

2.  On January 13, 2025, Judgment Creditor registered the Judgment with this Court.

3.  To date, Judgment Debtor has not satisfied any portion of the Judgment.

4.       Judgment Creditor believes Judgment Debtor has garnishable assets.

5.       Judgment Creditor believes the Cleveland Clinic has collectible assets or funds in its possession within the jurisdiction of the United States District Court for the Northern District of Florida.

6.       A writ of garnishment is attached for the Court's consideration.

<u>**MEMORANDUM OF LAW**</u>

**I.    Judgment Creditor is Entitled to the Issuance of a Writ of Garnishment.**

A judgment entered in one district court may be registered in another district court after the time for appeal has expired. 28 U.S.C. § 1963 (1996). Once registered, the judgment is treated as if it were issued by the district court where it is registered and may be enforced accordingly. *Id.* Under Federal Rule of Appellate Procedure 4(a)(1)(A), litigants have 30 days from the entry of judgment to file a notice of appeal. In this case, the Judgment was entered on October 9, 2024, giving the Judgment Debtor until November 8, 2024, to appeal. No appeal was filed. Therefore, the Judgment Creditor properly registered the Judgment in the United States District Court for the Northern District of Florida on January 13, 2025.

Federal Rule of Civil Procedure 69(a)(1) requires that execution of a judgment follow the procedures of the state where the court is located. *Nationwide Judgment Recovery, Inc. v. Rodriguez*, No. 1:22mc55-AW-MAL, 2023 WL 2142944, at *1-2 (N.D. Fla. Jan. 17, 2023); *see also Orix Fin. Serv. v. Sims*, No. 06-mc-16-J-32MCR,

2

2008 WL 681037, at *1 (M.D. Fla. Mar. 7, 2008). Under Section 77.01, Florida Statutes, a judgment creditor may obtain a writ of garnishment to collect a debt owed to the judgment debtor by a third party, including corporations and their representatives. *Id.* To obtain the writ, the judgment creditor need only file a motion stating the amount of the judgment. *Id.* The motion does not need to be verified or negate any exemptions to garnishment. *Id.*

Here, the Judgment Creditor seeks a writ of garnishment to collect the $1,142,467.20 owed by the Judgment Debtor. The required proposed writ under Section 77.04, Florida Statutes, is attached as an exhibit. Accordingly, the Judgment Creditor is entitled to the issuance of the writ.

## **CONCLUSION**

Judgment Creditor requests that the Clerk issue the writ of garnishment to the Cleveland Clinic, attached as an exhibit to this motion.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

/s/ Kenneth E. Chase
Kenneth E. Chase
Florida Bar No. 17661
kchase@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 402-9800

*Counsel for Plaintiff /
Judgment-Creditor Talentscale, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on December 22, 2025 which automatically sends notice to all counsel or parties of record.

By:    /s/ Kenneth E. Chase
        Kenneth E. Chase

4