**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**TALENTSCALE, INC.**,

**Plaintiff**,

**v.** **Case No. 5:25mc1-TKW**

**AERY AVIATION, LLC**,

**Defendant**.
____________________________________/

**ORDER**

Defendant was ordered to provide Plaintiff a completed fact information sheet (FIS) no later than December 3, 2025. Doc. 149. Defendant provided Plaintiff an unsigned and unsworn FIS with attachments on that date. Doc. 177-1 at 6.

Plaintiff's counsel notified Defendant's counsel of the deficiency on December 17, *id.* at 4, and Defendant's counsel responded the same day that "a verification page" would be provided "ASAP," *id.* at 3. The record does not reflect what, if anything, Defendant's counsel did on that date to follow through with that commitment or to impress upon Defendant the urgency of signing the verification page. However, when Plaintiff's counsel inquired about the status of the verification two days later (on Friday, December 19), he was told by Defendant's counsel that

the verification page had been "submitted … to the client for signature and will [be] forward[ed] … to your office as soon as I have it back." *Id.* at 2.

Plaintiff filed the motion for an order to show cause before business hours (at 2:22 a.m.) on the next business day, Monday, December 22. Doc. 160. Approximately than 12 hours later, Defendant's counsel emailed Plaintiff's counsel a copy of the FIS with an attached declaration under 28 U.S.C. §1746 that was signed by the individual who completed the FIS attesting "under penalty of perjury" that the information provided in the FIS is "true and correct." Doc. 177-1 at 2, 25. That document had been sent to (and viewed by) the individual who completed the FIS and signed the declaration on December 19, but for some reason, it was not signed by him and returned to Defendant's counsel until December 22. *Id.* at 26.

Defendant does not offer any excuse for its failure to sign the FIS under oath when it was initially provided on December 3, and the Court cannot conceive of any legitimate excuse. The FIS is a simple form with clear instructions and Defendant is a sophisticated party represented by competent counsel. Thus, there was no good reason for the FIS not to have been signed and sworn to from the outset. Moreover, after Plaintiff's counsel brought this deficiency to the attention of Defendant's counsel, there was no reason why the deficiency could not have been cured on the same day. Indeed, in today's electronic world, it should not have taken more than a

few minutes for Defendant's counsel to email a verification form to the client to be signed, scanned, and emailed back.

That said, at this point, Defendant has complied with the requirement to provide a signed and sworn FIS twice over—first on December 22 and then on December 30 after Plaintiff's counsel insisted that Defendant provide a "notarized" copy of the FIS.[1] Indeed, by the time the Court entered the Order to Show Cause on December 23, Defendant was at least in substantial compliance with its obligation to provide a signed and sworn FIS to Plaintiff, and Plaintiff probably should have withdrawn its motion for order to show cause at that point so as not to waste more of the Court's time on the parties' petty bickering.

Under these circumstances, the Court sees no reason (or legal basis) to impose contempt sanctions on Defendant—particularly since Plaintiff has not articulated any prejudice resulting from the FIS not being signed and sworn until 19 days after it should have been.[2] Rather, the Court will simply (1) admonish Defendant's

---

[1] Even after Defendant provided a copy of the FIS with the §1746 declaration, Plaintiff's counsel insisted that a copy be provided with a notarized signature. Defendant acceded to this request and provided a copy of the FIS to Plaintiff on December 30 that was signed and notarized the prior day. Doc. 177-1 at 34. It is unclear why Plaintiff's counsel was insistent on receiving a notarized signature on the FIS because the copy with the attached §1746 declaration has the same legal significance—both to the individual who signed the FIS and Defendant—as the copy with the notarized signature.

[2] The fact that Plaintiff's counsel apparently did not even notice that the FIS was not signed and sworn until December 17 undercuts any claim that Plaintiff was prejudiced by not having the signed and sworn FIS sooner than it did.

counsel for (a) not ensuring that a signed and sworn FIS was provided to Plaintiff on December 3 as required and (b) not taking sufficient action on December 17 to immediately remedy the deficiency when it was brought to his attention by Plaintiff's counsel, and (2) admonish Defendant itself for not strictly complying with this Court's orders in a timely manner. That, coupled with a stern warning that future instances of noncompliance with the Court's orders (by any party or counsel) may result in that party and/or counsel having to personally appear before the Court in Pensacola to explain themselves.

Accordingly, subject to the admonishments and warning stated above, it is **ORDERED** that the Order to Show Cause (Doc. 165) is **DISCHARGED**.

**DONE and ORDERED** this 31st day of December, 2025.



**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**