IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

CASE NO. 5:25-mc-00001-TKW

TALENSCALE, INC.,

     Plaintiff,

vs.

AERY AVIATION, LLC,

     Defendant
_____/

## GARNISHEE'S ANSWER TO WRIT OF GARNISHMENT

Pursuant to Sections 77.06(2) and 77.28, Florida Statutes, Garnishee, Capital Bank, N.A. ("Garnishee"), responds to the Writ of Garnishment (the "Writ") served on it on December 24, 2025, and states as follows:

1.    At the time of service of the Writ, and at the time of this Answer to the Writ, and in between said times, Garnishee has custody, possession or control of the following account (the "Account") with a value as of January 9, 2026:

| Account No. | Account Name/Title | State Where Account is Located[1] | Account Value |
|---|---|---|---|
| XXXXXXXX9918 | AERY AVIATION LLC C/O PRUDENT MANAGEMENT | District of Columbia | $1,163,639.64 |

2.    The Account is pledged, assigned, and granted to Prudent Capital III, LP pursuant

---

[1] "State Where Account is Located" is where the account was opened and where the financial center that maintains the account is located.  Accordingly, this Court lacks subject matter jurisdiction to garnish funds in the Account. *See, e.g., Fed. Deposit Ins. Corp. for GulfSouth Priv. Bank v. Amos*, 2017 WL 9439161, at *7 (N.D. Fla. Jan. 10, 2017) (dissolving a writ of garnishment because the three accounts at issue were in Georgia and thus the court did not have jurisdiction over the accounts).

to a Collateral Assignment of Deposit Account dated April 9, 2021 executed by judgment debtor Aery Aviation, LLC ("Judgment Debtor"). *See* Affidavit of Prudent Capital III, LP (ECF No. 111-2) at ¶¶ 10, 15.

3. Accordingly, Garnishee acknowledges that there is an outstanding issue that must be resolved regarding whether Prudent Capital III, LP's security interest in the Account has priority over the judgment in favor of Plaintiff/Judgment Creditor Talentscale, Inc. ("Judgment Creditor") such that Judgment Creditor cannot garnish the Account.

4. Garnishee is without knowledge of any other person or persons who are or may be indebted to the Judgment Debtor, or who have or may have any tangible or intangible personal property of said Judgment Debtor in their possession or control.

### GARNISHEE'S STATUTORY DEMAND TO CLERK FOR ATTORNEY'S FEE DEPOSIT AND DEMAND FOR ATTORNEY'S FEES (FLORIDA STATUTE, SECTION 77.28)

5. Garnishee retained the undersigned attorneys and agreed to pay them a reasonable fee for their services herein. The law firm of Akerman LLP, counsel for Garnishee, requests that it be paid the statutory attorneys' fee in the amount of $100.00 and any and all additional attorneys' fees and costs to which it may be entitled.

DATED: January 13, 2026                Respectfully submitted,

AKERMAN LLP

By: */s/ Noelle P. Pankey*
Noelle P. Pankey, Florida Bar No.: 44727
Lawrence P. Rochefort, Florida Bar No.: 769053
Email: noelle.pankey@akerman.com
Email: lawrence.rochefort@akerman.com
777 S. Flagler Dr., Suite 1100 West Tower
West Palm Beach, Florida 33401
Telephone: (561) 653-5000
*Counsel for Garnishee, Capital Bank, N.A.*

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *_/s/ Noelle Pankey_*
Noelle Pankey, Esq.