**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA**

TALENTSCALE, INC.        )
                                     )
       Judgment Creditor,    )
                                       )     Case No. 5:25-mc-00001-TKW
v.                                      )
                                     )
AERY AVIATION, LLC    )
                                     )
       Judgment Debtor      )
                                     )

**AERY AVIATION LLC'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISSOLVE WRIT OF GARNISHMENT**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("**Aery**"), by counsel, and for its Memorandum in Support of its Motion to dissolve the Writ of Garnishment to Capital Bank, N.A. ("**Capital Bank**") filed by Talentscale, Inc. ("**Talentscale**"), states as follows:

**FACTS**

1.      Aery is a limited liability company organized and located in the Commonwealth of Virginia. *See* Decl. of Sean Boyd ¶ 2, attached as **Exhibit A**.

2.      Plaintiff Talentscale is a judgment creditor of Aery Aviation pursuant to a judgment obtained in the United States District Court for the Eastern District of Virginia on October 9, 2024 in the amount of $1,142,467.20 plus post judgment interest at the statutory rate (the "**Judgment**").

3.      The Judgment was domesticated in the Northern District of Florida on January 13, 2025. DCF Doc. No. 2.

4.      On December 23, 2025, pursuant Plaintiff's Motion for a Writ of Garnishment (DCF Doc. No. 163), this Court issued a Writ of Garnishment to Capital Bank (the "**Writ**"). DCF Doc. No. 169.

5.      On December 24, 2025, Capital Bank was served the Writ.  DCF Doc. No. 173

1

6. On January 13, 2026, Capital Bank filed its Answer to the Writ (DCF Doc. No. 186), identifying account #XXXXX9918 (the "**Collateral Account**") as belonging to Aery, but pledged, assigned, or otherwise granted to Prudent Capital III, LP ("**Prudent**").

7. Aery has a longstanding relationship with Prudent. Under that relationship, on April 9, 2021, Aery and Prudent executed a Secured Promissory Note in the principal amount of $12,000,000 in favor of Prudent (the "**Note**"). *See* Exhibit B to Prudent's Affidavit, DCF. Doc. No. 184-2; *See also* Ex. A ¶ 6.

8. In conjunction with the Note, Aery and Prudent entered into a lending and security agreement that granted Prudent a security interest in essentially all assets owned by Aery, including the Collateral Account (the "**Security Agreement**"). *See* Exhibit C to Prudent's Affidavit, DCF. Doc. No. 184-2; *See also* Ex. A ¶ 7.

9. Aery further executed a Collateral Assignment of Deposit Account for the Collateral Account with $3,000,000 funded from the Note (the "**Assignment**"). *See* Exhibit D to Prudent's Affidavit, DCF. Doc. No. 184-2; *See also* Ex. A ¶ 8.

10. Prudent perfected its interest by filing a UCC-1 Financing Statement with the Virginia State Corporate Commission on April 21, 2021. *See* Exhibit E to Prudent's Affidavit, DCF. Doc. No. 184-2; *See also* Ex. A ¶ 9.

11. The funds held in the Collateral Account are under the complete control of Prudent and any withdrawals from the account can only be made at Prudent's sole discretion, or upon the extinguishment of Aery's debts to Prudent. *See* Ex. A ¶ 10.

12. As of January 31, 2026, Aery is indebted to Prudent in the amount of approximately $9,399,273. *Id.* at ¶ 11.

13. This entire debt is pursuant to the loan that is subject to the Security Agreement and Prudent's perfected security interest reflected in the UCC-1. *Id.* ¶ 7.

14. The funds currently in the Collateral Account serve as security for the Note and is less than the amount Aery currently owes Prudent as a result of Aery's ongoing debtor relationship. *Id.* ¶¶ 5–12.

**STANDARD**

15. Florida Statutes Chapter 77 governs post-judgment garnishment in Florida. Fla. Stat. § 77.01 authorizes a judgment creditor to obtain a writ of garnishment to recover debts owed to the judgment debtor by a third party. However, if any allegation in plaintiff's motion for writ is untrue, the defendant may move to dissolve the garnishment. Fla. Stat. § 77.07 (2).

16. Both Florida and Virginia have adopted Article 9 of the Uniform Commercial Code ("UCC"), which governs the creation, perfection, and priority of security interests in personal property, including deposit accounts. Va. Code § 8.9A-101, *et seq*; *cf.* Fl Stat. § 679.3011, *et seq.*

17. According to Article 9, as codified in both Virginia and Florida, the law of the state where the debtor is located governs the effect of perfection and priority of security interests. *See* Va. Code §8.9A-301(1); *cf.* Fl Stat. § 679.3011.

18. A security interest in a deposit account attaches and becomes enforceable when (i) value has been given, (ii) the debtor has rights in the collateral, and (iii) the debtor has authenticated a security agreement that describes the collateral. Va. Code § 8.9A-203(b). The security interest is perfected by filing a UCC-1 financing statement. Va. Code § 8.9A-310. The filing must include the debtor's name, secured party's name, and a collateral description. Va. Code § 8.9A-502(a)(1)–(3).

19. By contrast, a garnishing judgment creditor qualifies as a "lien creditor" under the UCC, and its rights attach only at the time of service of the writ. Va. Code § 8.9A-102(a)(52); Fla. Stat. § 77.06(1)("Service of the writ creates a lien in or upon any such debts or property at the time of service or at the time such debts or property come into the garnishee's possession or control.")

20. The priority of a perfected security interest is determined by the date of filing. Va. Code § 8.9A-322(a)(1).

### ARGUMENT

21. In Talentscale's Motion for Writ it states that "Capital Bank, N.A. has collectible assets or funds in its possession." (DCF Doc. No. 163). However, as will be discussed below, that statement is untrue.

22. Pursuant to both the Security Agreement, Assignment, and UCC-1 filing, Prudent has held a perfected security interest in the Collateral Account since April 21, 2021. From that date forward, Prudent's rights to the Collateral Account have been enforceable and superior to the claims of later-arising lien creditors.

23. Talentscale, a judgment creditor, became a lien creditor only upon service of its writ of garnishment on December 24, 2025. By then, Prudent's security interest had been perfected for nearly five years. Talentscale's garnishment lien, which arose well after Prudent's filing, is therefore subordinate.

24. As of December 24, 2025, the date Capital Bank was served the Writ, Aery was indebted to Prudent at least $9 million. *See* Ex. A ¶ 11.

25. Capital Bank's Answer to the Writ identified only $1,163,639.64 in the Collateral Account. Because the amount of Aery's debt far exceeds the $1,163,639.64 at issue, Prudent's interest entirely absorbs the funds held in the Collateral Account.

4

26.     Aery has no present right to payment, no right of withdrawal, and no surplus interest in the Collateral Account, which is fully encumbered by Prudent's perfected interest.

27.     In short, Talentscale is attempting to garnish funds that are not subject to Aery's unencumbered interest. The funds in question are wholly pledged, assigned, and granted to Prudent, perfected years in advance of Talentscale's lien, and continues to secure an outstanding multi-million-dollar debt. Under well-settled UCC principles, Talentscale cannot garnish what Aery does not own free and clear.

28.     Aery and Prudent have a long-standing lending relationship, but this improper garnishment threatens the relationship between Aery and Prudent, and, as a result threatens the ability of Aery to remain operational.

29.     Talentscale has no right to encumber what belongs to a third-party, and in attempting to do so, Talentscale is causing undue injury to an innocent third-party creditor and causing injury to the relationships between Aery, Prudent, and Capital Bank.

WHEREFORE, Judgment Debtor, Aery Aviation, respectfully requests this Honorable Court to dissolve the Writ of Garnishment issued to Capital Bank and grant such other relief as the Court deems just and proper.

**Local Rule 7.1(B) and (C) Statement on Conferral**

The undersigned certifies that, pursuant to Local Rule 7.1(B) and (C), co-counsel for Aery conferred with Ken Chase, counsel for Judgment Creditor, Talentscale, Inc., regarding its this motion. Mr. Chase has not indicated whether Talentscale opposes this motion.

**Local Rule 7.1(F) Certificate of Word Count**

5

The undersigned certifies that the word count established by Microsoft Word, beginning at the document title through the conclusion of this memorandum and consists of 1,281 words, which does not exceed the 8,000 word limit.

Dated this 2nd day of February, 2026.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By /s/Rachel Rodriguez**

Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

Erin C. McDaniel (VSB No. 94884)
*PRO HAC VICE*
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
erin.mcdaniel@davisba.com

*Counsel for Aery Aviation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February, 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Eric J. Pons
Chase Law & Associates PA
951 Yamato Road
Suite 280
Boca Raton, FL 33431
epons@chaselaw.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

                                                    /s/ *Rachel Rodriguez*