## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

Case No. 5:25-mc-00001-TKW-MJF

TALENTSCALE, INC.,

     Plaintiff / Judgment-Creditor,

v.

AERY AVIATION, LLC,

     Defendant / Judgment-Debtor.

and

CAPITAL BANK, N.A.,

     Garnishee.

_____/

### PLAINTIFF TALENTSCALE, INC.'S MOTION FOR FINAL JUDGMENT OF GARNISHMENT AGAINST GARNISHEE CAPITAL BANK, N.A.

Plaintiff / Judgment-Creditor Talentscale, Inc. ("Talentscale") respectfully files this Motion for Final Judgment of Garnishment against Garnishee Capital Bank, N.A. ("Capital Bank"). Talentscale states as follows:

1. On October 9, 2024, a Final Judgment was entered in favor of Talentscale and against Defendant / Judgment-Debtor Aery Aviation, LLC ("Aery") in the principal amount of $1,142,467.20, and the Final Judgment was registered in this Court on January 13, 2025. ECF No. 1.

2.     Aery still has made no payments on the Final Judgment, despite numerous requests for payment and an ability to make payments.

3.     On December 23, 2025, a Writ of Garnishment was issued, and the Writ of Garnishment was served upon the Garnishee Capital Bank on December 24, 2025. ECF Nos. 169, 173.

4.     On January 13, 2026, Capital Bank served an Answer to the Writ of Garnishment. ECF No. 186.

5.     In its Answer, Capital Bank stated that as of January 9, 2026, it is indebted to the Defendant / Judgment-Debtor Aery in the amount of $1,163,639.64 per account x-9918. *Id*. at 1.

6.     On September 22, 2025, with $3,106,949.17 in account x-9918, Aery transferred $1,964,481.97 into "checking 5918," an account apparently at Capital Bank with an unknown account holder. ECF No. 189 at 4. The transaction rendered the post-transfer balance in account x-9918 to be **$1,142,467.20**, the exact amount of the **$1,142,467.20** Talentscale judgment, exclusive of interest. *Id*.

7.     Prudent Capital III, LP ("Prudent") claims to have a security interest in account x-9918. But a security interest is not the same as ownership. Moreover, Prudent's security interest cannot be enforced at this time, as Prudent has twice executed a Subordination Agreement with Cogent Bank pursuant to which Prudent subordinated its rights in Aery's collateral, including the Collateral Account x-9918,

2

to Cogent's Senior Debt. ECF No. 189 at 3. Per Paragraph 3 of the Subordination Agreement, until the Termination Date (defined as full payment of Cogent's Senior Debt and termination of the lending relationship), Prudent may not: (a) demand, accelerate, sue for, or take or receive from Aery any payment on Prudent's debt; (b) exercise any right of set-off or recoupment; (c) commence or join any insolvency proceeding against Aery; or (d) "take any action to foreclose, collect, or realize on any Collateral." *Id*. at 3-4.[1] The May 2025 Amended and Restated Subordination Agreement is governed by Florida law with an exclusive Florida forum clause. *Id*. at 4. This Subordination Agreement precludes Prudent's enforcement of its security interest until after Cogent is fully satisfied, a condition that has not occurred. *Id*. Talentscale entered into no such limiting agreement. *Id*.

8.    Talentscale respectfully requests Final Judgment of Garnishment against Capital Bank in the amount of $1,163,639.64, or such higher amount not to exceed the remaining unpaid amount of Talentscale's Final Judgment plus interest.

9.    Talentscale also respectfully requests an order directing that Capital Bank continue to hold such amounts pending further order by the Court.

---

[1] It should unfortunately come as no surprise that despite a prohibition on receipt of any collateral from Aery, certain parties disregarded their own agreements and colluded to transfer funds anyway. This is yet another data point demonstrating certain parties' willingness to disregard the very contracts which they use as a sword against others.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

*/s/ Kenneth E. Chase*
Kenneth E. Chase
Florida Bar No. 17661
kchase@chaselaw.com
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Telephone: (305) 402-9800

*Counsel for Plaintiff /*
*Judgment-Creditor Talentscale, Inc.*

## CERTIFICATE OF LOCAL RULE 7.1(B) CONFERENCE

Pursuant to Local Rule 7.1(B), I hereby certify that the undersigned counsel emailed Capital Bank's counsel on January 21, 2026 to meet and confer regarding this motion. The undersigned spoke with Capital Bank's counsel on January 22, 2026 to meet and confer and followed that call up with an email on January 26, 2026. On January 27, 2026, Capital Bank's counsel stated by email that Capital Bank does not consent to the motion.

*/s/ Kenneth E. Chase*
Kenneth E. Chase

4

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.1(F), I hereby certify that this motion contains 553 words, excluding the case style, signature block, and certificates, as counted by Microsoft Word.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on February 3, 2026 which automatically sends notice to all counsel or parties of record.

By:    */s/ Kenneth E. Chase*
Kenneth E. Chase