**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA**

TALENTSCALE, INC.          )
                                 )
        Judgment Creditor,    )
                                 )    Case No. 5:25-mc-00001-TKW-MJF
v.                             )
                                 )
AERY AVIATION, LLC      )
                                 )
        Judgment Debtor     )
                                 )

**AERY AVIATION LLC'S MEMORANDUM IN OPPOSITION TO
TALENTSCALE'S MOTION FOR FINAL JUDGMENT OF GARNISHMENT AGAINST
<u>GARNISHEE CAPITAL BANK, N.A.</u>**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("**Aery**"), by counsel, and for its Memorandum in Opposition of Talentscale Inc.'s ("Talentscale") Motion for Final Judgment of Garnishment Against Garnishee Capital Bank, N.A. ("Capital Bank") states as follows:

On December 24, 2025, Talentscale served a Writ of Garnishment on Capital Bank and subsequently filed the certificate of service with this Court. DCF Doc. No. 173. Pursuant to that Writ, Capital Bank filed an Answer with this Court on January 13, 2026. DCF Doc. No. 186. Talentscale did not provide any notice to Aery regarding Capital Bank's Answer. On January 26, 2026, Prudent Capital III, LP ("Prudent") filed a Reply to Talentscale's Opposition to Prudent's Motion to Dissolve the Writ of Garnishment and attached an Affidavit pursuant to Fl. St. § 77.16 stating that funds identified in Capital Bank's Answer are encumbered by Prudent's first priority security interest. DCF Doc. No. 192. On February 2, Aery filed a Motion to Dissolve the Writ of Garnishment to Capital Bank confirming that the funds identified in Capital Bank's Answer are encumbered by Prudent's first priority security interest and that Aery does not have any control over those funds. DCF Doc. No. 204. Nevertheless, on February 3, 2026, Talentscale filed a

1

Motion for Final Judgment of Garnishment against Capital Bank. DCF. Doc. No. 207. Talentscale's Motion is improper for several reasons, and this Court should deny it in its entirety.

*First*, Talentscale claims that Capital Bank is indebted to Aery in the amount of $1,163,639.64 in account x-9918. DCF Doc. No. 207. However, Capital Bank made clear in its Answer, Prudent made clear in its filings, and Aery made clear in its filings, that the funds in that account are pledged to Prudent. DCF Doc. No. 186 ¶ 1-2, Doc No. 192 at p. 3, Doc No. 204 at ¶¶ 9-14.

*Second*, Talentscale appears to argue that there has been some kind of nefarious activity on the Capital Bank account at issue when it asserts that in September 2025, Aery transferred substantial sums out of the account rendering the post-transfer balance in the account the exact amount of Talentscale's judgment. DCF Doc. No. 207 at ¶ 6. It is not clear what Talentscale is implying by making such allegations, but they are baseless, nonetheless. Both Prudent and Aery have stated that Aery does not have access to the account at issue. DCF Doc. No. 192 at p. 3, Doc. No. 204 at ¶ 11. As a result, Aery did not transfer any funds in or out of that account at any point since the execution of the Collateral Assignment of Deposit Account in 2021.

*Third*, and inexplicably, Talentscale seems to argue that a subordination agreement executed between Prudent and Cogent Bank ("Cogent") somehow allows Talentscale to collect their judgment before Prudent. DCF Doc. No. 207 at ¶ 7. However, Prudent's subordination agreement does not change the fundamental fact that the funds in the account held at Capital Bank do not belong to Aery. It is a basic principle of Florida law, that "[a] creditor can obtain no better right against a third party, garnishee defendant, than the principal debtor had as of the date of the garnishment." *Physicians Care Centers of Florida, LLC. v. PNC Bank, National Association*, 345 So. 3d 907, 912 (Fl. 4th DCA 2022). Further, "[a] valid assignment accomplished before the

2

service of a garnishment writ prevails over the later garnishment." *Id.* Capital Bank, Prudent, and Aery all agree that Aery executed the Collateral Assignment of Deposit Account assigning the account at issue to Prudent in 2021, years before Talentscale's judgment and the Writ of Garnishment to Capital Bank. Any subsequent agreements Prudent executed with Cogent does not unwind the valid assignment of the account by Aery. Aery did not have any interest in the funds reflected in Capital Bank's Answer as of the date of the garnishment. Talentscale, therefore, cannot garnish those funds.

WHEREFORE, Judgment Debtor, Aery Aviation, respectfully requests this Honorable Court to deny Talentscale's Motion for Final Judgment, dissolve the Writ of Garnishment issued to Capital Bank, and grant such other relief as the Court deems just and proper.

**Local Rule 7.1(F) Certificate of Word Count**

The undersigned certifies that the word count established by Microsoft Word, beginning at the document title through the conclusion of this memorandum and consists of 709 words, which does not exceed the 8,000 word limit.

Dated this 12th day of February, 2026.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By** _/s/ Rachel Rodriguez_____

Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

3

Erin C. McDaniel (VSB No. 94884)
*PRO HAC VICE*
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
erin.mcdaniel@davisba.com

*Counsel for Aery Aviation, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Eric J. Pons
Chase Law & Associates PA
951 Yamato Road
Suite 280
Boca Raton, FL 33431
epons@chaselaw.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

_/s/ *Rachel Rodriguez*_____