**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA**

TALENTSCALE, INC.      )
           )
   Judgment Creditor,   )
           )  Case No. 5:25-mc-00001-TKW-MJF
v.           )
           )
AERY AVIATION, LLC    )
           )
   Judgment Debtor    )
           )

**AERY AVIATION LLC'S REPLY TO TALENTSCALE'S OMNIBUS MEMORANDUM
IN OPPOSITION**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("**Aery**"), by counsel, and for its Reply to Talentscale's Omnibus Memorandum in Opposition (the "Memorandum") (DCF Doc. No. 209) states as follows:

Talentscale comes before this Court claiming that it seeks equity. However, in support of its claims it makes baseless allegations of fraud and collusion and material misrepresentations of fact. Not only are Talentscale's allegations against Aery wholly unsupported by facts or evidence, but they also do not change the fact that both Cogent Bank, and Prudent Capital, have first-priority, perfected security interests in the funds that Talentscale seeks to garnish. The fact that Talentscale's allegations do not further its legal position or argument only further undermines its equitable claims.

Talentscale would have this Court believe that Talentscale is the only judgment creditor of Aery, and that Aery has ample funds to satisfy the judgment owed but will do anything it can to fraudulently avoid paying Talentscale a valid debt owed. And to this end, Talentscale has misrepresented facts to this Court. On the contrary, the unfortunate reality is that Aery has several judgment creditors that are owed substantial balances, some much larger than the balance owed to

Talentscale.  Aery has made substantial cuts to its staff and operations and is doing all it can to keep the company afloat with the hope that if it can make a turnaround, it can begin to pay off these debts, including the debt owed to Talentscale.  In the face of this reality, Talentscale is the only judgment creditor of Aery that has refused to engage in meaningful settlement discussions, engaged in expensive, aggressive, but unproductive collection actions, and committed intentional torts against Aery.  Aery does not dispute that Talentscale has a federal judgment against it in the amount of $1,142,467.20.  But Aery has never lied to this Court or made any misrepresentations about its financial position or ability to pay the judgment.

In its Memorandum, Talentscale falsely asserts that "[w]hile representing to Talentscale and to the Court that it lacked the ability to pay the judgment" Aery made millions of dollars in improper distributions and fraudulent transfers, including $727,103.65 in payments to Davis, Burch & Abrams (formerly Davis Law).  The vast majority of the activity that Talentscale refers to occurred *years before the arbitration award* to Talentscale on February 20, 2024, and none of the activity is nefarious, or fraudulent.  Aery will address each of the transactions Talentscale identifies as "inequitable conduct."

*First*, even according to Talentscale's own pleadings, more than $500,000 of the $727,103.65 paid to Davis, Burch & Abrams was paid before the arbitration award.  *See* DCF Doc. No. 211.  *Second*, since the date of the arbitration award, *Aery has not made any distributions to Scott Beale personally*.  *See* Declaration of Sean Boyd attached hereto as Exhibit A at ¶ 3.  *Third*, Aery did purchase aircraft from GH Equipment, LLC, but the purchase was in 2021, more than three years before Talentscale's judgment.  *Id.* at ¶ 4.  Further, there is nothing improper about the purchase which was completely documented and accounted for.  *Fourth*, the $1,263,870 Aery paid Aerodrome Properties, LLC was a portion of the cost of construction of the hangar that Aery

operates out of in Newport News, and that transaction occurred in 2022.  *Id.* at ¶ 10.  ***Fifth***, Aery leases aircraft from Aviation Capital Partners, LLC, and Aviation Capital Partners II, LLC pursuant to legitimate leases that have been in place since 2021 and 2023 respectively.  *Id.* at ¶¶ 6–7.  As an aviation company, Aery must either own or lease aircraft to operate.  *Id.* at ¶ 8.  There is nothing improper about these leases that, again, substantially pre-date Talentscale's arbitration award.  ***Sixth***, and similarly, Aery leases aircraft from Fast Bird, LLC pursuant to a written lease that has been in place since 2023.  *Id.* at ¶ 7.  This lease, like the others, pre-dates Talentscale's award, and is an essential operating cost for Aery.  *Id.* at ¶¶ 7–8.  Notwithstanding, Aery was only able to make a handful of lease payments to Fast Bird, LLC in 2025, and has not made any so far in 2026, due to the financial condition of the company.  *Id.* at ¶ 9.   In sum, Talentscale's allegations that Aery fraudulently drained millions of dollars from the company to avoid paying the judgment are not based in reality.

Talentscale's reliance on *Gordon v. Flamingo Holding Partnership*, 624 So.2d 294 (Fla. 3d DCA 1993), is misplaced.  In *Gordon*, an equitable lien was imposed only after the mortgagor secretly transferred development rights attached to the mortgaged property without the mortgagee's knowledge or consent, directly impairing secured collateral.  *Id*. at 296–97.  The court emphasized that its holding was fact-specific and should not be read broadly.  *Id.* at 297 n.4.  Here, Talentscale is not a secured creditor, no collateral has been transferred, and no property subject to Talentscale's lien has been diverted or impaired. Ordinary-course business expenditures predating the judgment do not resemble the secret transfer of encumbered development rights at issue in *Gordon*.

Further, Talentscale's allegations that Cogent Bank and Aery may have colluded to file a fraudulent lawsuit against Talentscale are completely baseless.  Aery's suit against Talentscale was

filed in good faith based on Talentscale's actions that constitute an intentional tort. Further, although the incidents giving rise to the suit involve representatives of Cogent Bank, the suit was filed without any input from or coordination with Cogent Bank. As pleaded in the complaint, Doug Poldrugo ("Poldrugo"), the owner of Talentscale, sent defamatory emails to at least ten senior officers and employees of Cogent Bank falsely stating that Aery was engaged in "ongoing financial crime," and republishing false statements made by his attorney alleging that Aery defrauded this Court and intentionally misled a federal judge. These false statements constitute defamation *per se* under Virginia law, as they allege the commission of a criminal offense involving moral turpitude, and prejudice Aery in its profession or trade. *See Tronfeld v. Nationwide Mutual Insurance Co.*, 272 Va. 709, 713 (2006). Moreover, contrary to Talentscale's claims, Virginia's Anti-SLAPP statute does not apply to the defamatory statements Poldrugo made regarding a private dispute between businesses. *See* Va. Code § 8.01-223.2. And even assuming *arguendo* that the statements at issue were on matters of public concern, which they clearly are not, immunity under the statute does not "apply to statements that the declarant knew or should have known were false or were made in reckless disregard for whether they were false." Va. Code § 8.01-223.2(B).

If there could be any doubt that Talentscale was making such statements with the intent to damage Aery's reputation and prejudice Aery in its ability to conduct business, ***after the lawsuit was filed***, Poldrugo made multiple comments on public LinkedIn posts falsely accusing Aery and its members of committing crimes and building a web of complicit bad actors. Again, these statements constitute defamation *per se* under Virginia law. Although Aery recognizes that Talentscale is frustrated with the outstanding judgment, that does not mean that it should be able to commit intentional torts without legal consequence.

Finally, none of Talentscale's mudslinging changes the fact that both Cogent Bank and Prudent Capital have first-priority, perfected security interests in the funds that Talentscale seeks to garnish. Even if Talentscale's accusations were true (they are not), they would not alter Article 9 priority. A perfected security interest does not dissolve because a judgment creditor is dissatisfied with a debtor's past business decisions. Accordingly, Talentscale's argument still does not support its Motions for Final Judgment of Garnishment against Capital Bank and Cleveland Clinic.

WHEREFORE, Judgment Debtor, Aery Aviation, respectfully requests this Honorable Court to deny Talentscale's Motions for Final Judgment, dissolve the Writ of Garnishment issued to Capital Bank, dissolve the Writ of Garnishment issued to Cleveland Clinic, and grant such other relief as the Court deems just and proper.

**Local Rule 7.1(F) Certificate of Word Count**

The undersigned certifies that the word count established by Microsoft Word, beginning at the document title through the conclusion of this memorandum and consists of 1,317 words, which does not exceed the 3,200 word limit.

Dated this 20th day of February, 2026.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By** _/s/ Rachel Rodriguez_____

Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

Erin C. McDaniel (VSB No. 94884)
*PRO HAC VICE*
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
erin.mcdaniel@davisba.com

*Counsel for Aery Aviation, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Eric J. Pons
Chase Law & Associates PA
951 Yamato Road
Suite 280
Boca Raton, FL 33431
epons@chaselaw.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

_/s/ *Rachel Rodriguez*_____