**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

TALENTSCALE, INC.,

Plaintiff / Judgment-Creditor,

v. Case No. 5:25-mc-01-TKW-MJF

AERY AVIATION, LLC,

Defendant / Judgment-Debtor.
_____________________________________/

# MEMORANDUM AND ORDER

Talentscale, Inc. moves to compel compliance with a subpoena it issued to Cogent Bank pursuant to Rule 45. Because Cogent Bank has substantially complied with the subpoena, this court must deny Talentscale's amended motion to compel.

## BACKGROUND

Talentscale initiated this action by filing a motion for writ of garnishment pursuant to Rule 69 of the Federal Rules of Civil Procedure and Florida Statutes § 77.03. Talentscale is seeking to collect a judgment it obtained against Aery Aviation, LLC in the Eastern District of Virginia.

In 2021, Cogent Bank extended an $18 million line of credit to Aery Aviation and purportedly holds a perfected security interest in Aery Aviation's accounts receivable.

In September 2025, Talentscale demanded documents from Cogent Bank via a subpoena issued pursuant to Rule 45 of the Federal Rules of Civil Procedure. Specifically, Talentscale demanded: "All communications between Cogent Bank and Aery Aviation, LLC regarding Talentscale, Inc. or the $1,142,467 judgment entered against Aery in favor of Talentscale from October 9, 2024 to present."

Cogent Bank produced documents, but its production does not satisfy Talentscale. Talentscale contends that to comply with the subpoena, Cogent Bank must, among other things, conduct a custodian level keyword search.

**DISCUSSION**

Rule 45 of the Federal Rules of Civil Procedure governs the use of subpoenas to elicit discoverable materials within the responding parties "possession, custody, or control." Fed. R. Civ. P. 45; *see ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1306 (11th Cir. 2018); *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005); *see also*

9A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2454 (3d ed 2008). A subpoena issued pursuant to Rule 45 may seek relevant materials to the same extent the materials would be considered relevant under Rule 26, except that a subpoena may not impose an "undue burden" or expense on a nonparty. Fed. R. Civ. P. 45(d)(1); *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020); *Kendrick v. Heckler*, 778 F.2d 253, 257 (5th Cir. 1985); *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013).

Of course, the "federal courts are not free-standing investigative bodies whose coercive power may be brought to bear at will in demanding documents from others. Rather, the discovery devices in federal court stand available to facilitate the resolution of actions cognizable in federal court." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency*, 86 F.3d 1208, 1213 (D.C. Cir. 1996). Among other things, the Federal Rules "afford nonparties special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. U.S. Dep't of the Interior*, 34 F.3d 774, 779 (9th Cir. 1994). District courts, therefore, may *sua sponte* quash or modify subpoenas issued to nonparties. CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463.1 at 500 (3d ed. 2008).

A nonparty that receives a subpoena to produce documents must either lodge a meritorious objection or conduct a reasonable search for the requested materials and promptly produce them. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). If a nonparty in receipt of a subpoena fails to comply, a party may move for an order compelling production or inspection. Fed. R. Civ. P. 45(d)(2). Additionally, if a nonparty fails to comply with a subpoena and offers no adequate excuse for its failure, the relevant court may hold the nonparty in contempt. Fed. R. Civ. P. 45(g).

In many cases, lawyers have incentive to leave no discovery stone unturned, including filing motions to compel whenever there is a whiff of nondisclosure. *See generally* Frank H. Easterbrook, *Discovery as Abuse*, 69 B.U.L. REV. 635, 641 (1989). The federal courts, therefore, have imposed a modest threshold before entertaining such motions. A party who asserts that an entity is withholding discoverable materials bears the burden of establishing the probability of this assertion. *Dichter-Mad Fam. Partners, LLP v. United States*, 709 F.3d 749, 751 (9th Cir. 2013); *Barnes v. District of Columbia*, 289 F.R.D. 1, 21 (D.D.C. 2012); *Golden Trade, S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 n.7 (S.D.N.Y. 1992).

"Speculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)*; Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010). A court should not grant a motion to compel based only on a party's guess or mere suspicion that an entity is withholding discoverable material. *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 427 (D.N.J. 2009); *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992). A party's strong "hunch" that discoverable materials have not been produced also is insufficient to overcome an affidavit with sufficient detail to the contrary. *Hubbard*, 247 F.R.D. at 29. Without such limits, discovery disputes become unnecessarily protracted and run the risk of turning into *Jarndyce v. Jarndyce*.

Sufficient evidence that an entity is withholding discoverable materials can come in various forms and combinations. Such evidence could include:

- a credible statement from an employee or former employee of an entity which indicates that the entity has custody or control of the requested materials;
- the existence of a statute, regulation, or official policy that

requires the entity to produce or preserve the requested materials;

- a statement from a person that he sent or received a letter/email/communication to the entity, and the entity never produced the item during the discovery process, *see, e.g.*, *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003);

- the existence of a custom or policy in a particular business or trade to produce or preserve the requested material, *see A. Farber and Partners, Inc.*, 234 F.R.D. at 189; *In re Equitable Plan Co.*, 185 F. Supp. 57, 59 (S.D.N.Y. 1960);

- the existence of requested items—for example, emails—that the responding entity alleged do not exist, *see, e.g.*, *North Am. Watch Corp. v. Princess Ermine Jewelers*, 786 F.2d 1447, 1451 (9th Cir. 1986);

- any combination of facts from which a court can deduce that requested materials are being withheld intentionally or inadvertently, *see Harris*, 271 F.R.D. at 370.

Furthermore, a court can take into consideration anomalous search results that suggest a lack of full compliance, and an entity's past efforts to obstruct or thwart the discovery process—in the pending litigation—and other actions. *See Peskoff v. Faber*, 244 F.R.D. 54, 59–62 (D.D.C. 2007). Obviously, this is not an exhaustive list.

On the other side of the ledger, in assessing whether an entity reasonably complied with a subpoena or request for production, a court

may rely on a sufficiently detailed affidavit from an attorney, a custodian of records, or other appropriate person. *Greene v. Phila. Hous. Auth.*, 484 F. App'x 681, 686 (3d Cir. 2012); *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009); *Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 696–97 (D.C. Cir. 1996); *Norman v. Young*, 422 F.2d 470, 472–73 & n.3 (10th Cir. 1970); *Schwartz v. Mktg. Publ'g Co.*, 153 F.R.D. 16, 21 (D. Conn. 1994).

Federal courts may indulge in the rebuttable presumption that counsel have acted in good faith when responding to discovery requests. *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013); *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Accordingly, affidavits regarding the reasonableness of an entity's efforts to locate discoverable materials do not need to catalogue every step an entity took to find materials responsive to a discovery request. *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 671–72 (N.D. Fl. 2010); *In re Air Crash Disaster at Detroit Metro. Airport*, 130 F.R.D. 641, 646 (E.D. Mich. 1989). A sufficient level of detail, however, will assist courts in assessing whether the entity acted reasonably and whether the court should continue to indulge in the presumption of counsel's good faith.

Here, Cogent Bank credibly has established it produced over 6,000 pages of documents pursuant to six subpoenas that Talentscale issued to Cogent Bank in garnishment actions that Talentscale commenced in this and other federal districts. Cogent Bank also submitted an affidavit from the chief information security officer ("CISO") of Cogent Bank. In this affidavit, the CISO stated:

- the name of the person who conducted the relevant searches of Cogent Bank's email domain, namely the CISO himself;
- the breadth of the email domain searched—specifically, that it encompassed the email accounts of all employees of Cogent Bank;
- the dates that the CISO conducted the searches;
- the names and words the CISO used in his queries; and
- the bates number range of the items that the CISO's searches yielded.

The CISO concluded that, to the best of his knowledge, Cogent Bank has complied with Talentscale's subpoena.

It is true, as Talentscale argues, that Cogent Bank *could* perform additional searches of its information technology systems, and the specific

Cogent Bank employees identified by Talentscale personally *could* perform additional inquiries—as opposed to Cogent Bank's CISO. In nearly every discovery dispute, the responding party could take additional measures to ensure compliance with a subpoena or request for production. Federal law, however, does not always require parties to do "more." Sometimes enough is enough. That is, the Federal Rules of Civil Procedure requires entities to act reasonably—not perfectly—when responding to discovery requests. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 124 (E.D. Mich. 2019); *Moore v. Publicis Groupe*, 287 F.R.D. 182, 188 (S.D.N.Y. 2012).

More specifically, the Federal Rules do not endow a requesting party with the power to dictate the precise searches a responding party must conduct, the person who should conduct the searches, or the manner in which they are to be conducted. So long as a responding entity reasonably and diligently searched for responsive discovery materials, district courts generally should not take it upon themselves to prescribe the precise searches that the entity must conduct or the manner in which it conducts internal inquiries. *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021). District courts already face sufficient demands for their time and attention. There is no need to add to this the micromanagement

of the discovery process, especially with respect to nonparties. Federal discovery rules are designed to *minimize* the need for judicial intervention in the discovery process, not to encourage it. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 (11th Cir. 1997); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).

## CONCLUSION

Talentscale has failed to carry its burden to demonstrate that Cogent Bank did not act reasonably in responding to Talentscale's subpoena. Accordingly, Talentscale's amended motion to compel is **DENIED.**

**SO ORDERED** this 23rd day of February 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**