**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**TALENTSCALE, INC.,**

      **Plaintiff**,

**v.**                                        **Case No. 5:25-mc-1-TKW-MJF**

**AERY AVIATION, LLC,**

      **Defendant**.

_____/

## <u>ORDER ON WRITS OF GARNISHMENT AND RELATED FILINGS</u>

Plaintiff obtained a $1.1 million civil judgment against Defendant in the Eastern District of Virgina in October 2024 and registered it in this Court in January 2025. *See* Doc. 2. Since then, Plaintiff has requested and obtained 21 writs of garnishment from this Court in an effort to collect the judgment.[1]

The most recent writs were issued to Cogent Bank (Cogent) (Doc. 167),[2] Cleveland Clinic Foundation (CCF) (Doc. 168),[3] Capital Bank, N.A. (Capital) (Doc.

---

[1] Plaintiff has requested numerous writs of garnishment from other courts, including six from the Middle District of Florida and more than 30 from the Southern District of Florida.

[2] Plaintiff also obtained a writ of garnishment against Cogent from the Middle District of Florida in that court's Case No. 6:25-mc-3.

[3] This is the second writ of garnishment obtained by Plaintiff against CCF. The first writ was dissolved in May 2025 for essentially the same reasons that this Order dissolves the second writ. *See* Doc. 84, *appeal pending* 11th Cir. Case. No. 25-12618.

169),[4] and Prudent Capital III, L.P. (Prudent) (Doc. 170).  These writs were issued on December 23, 2025, and were served on the garnishees and Defendant shortly thereafter.  *See* Docs. 171, 172, 173, 175.

The writs led to a multitude of motions and other filings from the parties and the garnishees.  *See* Docs. 176, 183, 184, 186, 189, 192 through 195, 199, 200, 203, 204, 206 through 215, 219, 220, 223.  The Court afforded the parties and the garnishees an opportunity to present evidence and argument on the filings at a hearing held on February 27, 2026.[5]

The Court orally ruled on the filings at hearing.  This Order memorializes those rulings and incorporates the factual findings and legal conclusions stated on the record at the hearing.

---

[4]  Plaintiff also obtained a writ of garnishment against Capital from the District Court for the District of Columbia in that court's Case No. 1:25-mc-117.

[5] The hearing lasted for well over three hours and included multiple rounds of argument and re-argument on all of the issues framed by the parties' filings.  Throughout the hearing, the Court also provided the parties its views on a variety of related legal, business, and pragmatic matters.  Those views were not—and were not intended to be—rulings on issues that are not before the Court; rather, they were provided in the spirit of getting the parties (and Cogent) to understand that they all face potential litigation risks in hopes of moving the them towards resolving this case rather than continuing to engage in contentious and unproductive litigation that is wasting money on attorney's fees that could be used for making payments on the outstanding judgment.  Although some of those views may have been presented more bluntly and with more certitude than they should have been (particularly with respect to the pending Virgina case), the Court continues to believe that everyone involved (including the court system) will be best served by the parties figuring out a reasonable payment schedule to get the judgment paid off sooner rather than later.  That, however, will require the parties' respective clients to be more reasonable and realistic than it appears that they have been willing to be thus far—and it will also require the attorneys to be part of the solution, not part of the problem.

Accordingly, it is **ORDERED** that:

1.      The writ of garnishment issued to Cogent (Doc. 167) was **WITHDRAWN** by Plaintiff at the hearing.

2.      The writ of garnishment issued to Capital (Doc. 169) is **DISSOLVED** because the unrebutted answer to the writ (Doc. 186) and other evidence submitted by Capital (Docs. 208, 208-1, 208-2) establish that the Court does not have subject-matter jurisdiction over the account described in the answer because it is not located within Florida, much less within this District.  *See Navy Fed. Credit Union v. Nicholas Fin., Inc.*, 411 So.3d 494 (Fla. 5th DCA 2025); *Navy Fed. Credit Union v. Veros Credit, LLC*, 396 So.3d 590 (Fla. 4th DCA 2024); *Power Rental Op Co, LLC v. V.I. Water & Power Auth.*, 2021 WL 9881137, *8–9 (M.D. Fla. July 6, 2021).

3.      Plaintiff's motion for final judgment of garnishment against Capital (Doc. 207) is **DENIED** based on the ruling in paragraph 2.

4.      Defendant's motion to dissolve the writ of garnishment issued to Capital (Doc. 204) is **DENIED as moot** based on the ruling in paragraph 2.

5.      The motions to dissolve the writ of garnishment issued to CCF (Docs. 195, 200) are **GRANTED**, and that writ (Doc. 168) is **DISSOLVED** because Cogent's perfected security interest in the receivables described in CCF's answer has priority over Plaintiff's judgment lien notwithstanding the fact that Cogent has

3

not declared Defendant's line-of-credit loan in default or taken action to foreclose its security interest in the CCF receivables.[6]

6. Plaintiff's motion for final judgment of garnishment as to CCF (Doc. 194) is **DENIED** based on the ruling in paragraph 5.

7. The motion to dissolve the writ of garnishment issued to Prudent (Doc. 184) is **GRANTED**, and that writ (Doc. 170) is **DISSOLVED** based on the ruling in paragraph 2.

8. Plaintiff may not seek further writs of garnishment in this Court unless it has a good faith basis to assert that garnishable assets are located within this District, and the basis for that assertion shall be set forth with specificity in the application for the writ. *See* Doc. 92 at 46; Fed. R. Civ. P. 11. Motions that do not include the requisite specificity will be summarily denied (similar to how the Middle District ruled on five of the six motions filed in that court) or set for an in-person ex parte hearing before the writs are issued.

---

[6] On the latter point, the Court did not overlook *American Home Assurance Co. v. Weaver Aggregate Transport, Inc.*, 84 F. Supp. 3d 1314 (M.D. Fla. 2015), but that case is not binding and the Court does not find it persuasive for the reasons articulated at the hearing and more thoroughly explained by the courts that have rejected the "waiver theory" of priority espoused in *Weaver*. *See, e.g.*, *Legacy Bank v. Fab Tech Drilling Equip., Inc.*, 566 S.W.3d 922 (Tex. App. 2018); *Davis v. F.W. Fin. Servs., Inc.*, 317 P.3d 916 (Or. Ct. App. 2013).

**DONE and ORDERED** this 2nd day of March, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**